**HURST CONCRETE PRODUCTS, INC.,**
a corporation, Plaintiff,
and
Sierra Western Corporation, a corporation, and Hurst Concrete Products, Inc., a corporation, Plaintiffs,

v.

**AMERICAN PIPE AND CONSTRUCTION CO.,** a corporation, United Concrete Pipe Corporation, a corporation, Martin Marietta Corp., a corporation, and American Vitrified Products Co., a corporation, Defendants.

Civil Nos. 68–1625, 69–1008.

United States District Court,
C. D. California.

March 2, 1970.

Corinblit & Shapero, William R. Walsh, Los Angeles, Cal., for plaintiffs.

George W. Jansen, Sullivan, Jones & Mitchell, James O. Sullivan, Wayne M. Pitluck, San Diego, Cal., for defendant American Pipe and Construction Co.

John J. Hanson, Robert E. Cooper, Gibson, Dunn & Crutcher, Los Angeles, Cal., for defendants United Concrete Pipe Corp. and Amvit Corp.

Gordon F. Hampton, Don T. Hibner, Sheppard, Mullin, Richter & Hampton, Los Angeles, Cal., for defendant Martin-Marietta Corp.

## DECISION ON MOTIONS TO DISMISS ACTIONS FOR FAILURE TO PROSECUTE

PENCE, Chief Judge.

For this decision, this court has combined the motions filed in the above entitled cases. Not only are the defendants exactly the same in each, but Sierra Western Corporation from its incorporation in 1961 until 1969 was solely owned by William H. Hurst, who is also the president and chief executive officer of Hurst Concrete Products, Inc. (HCPI). In January 1969 Sierra Western was transferred to HCPI. Moreover, except for the names of the parties-plaintiff above noted, the complaints cover the same allegedly illegal acts of the defendants.

## HISTORY

On May 28, 1963 HCPI filed complaint No. 68999 in the Superior Court of the State of California for the County of Santa Barbara against the four defendants in these cases, as well as others, and all were served in June 1963. On August 20, 1963, on defendants' motion for change of venue, the action was transferred from Santa Barbara County to Los Angeles County, whereupon, after August 28, 1963, the action was pending in the Superior Court of Los Angeles County under file No. 824450. On November 22, 1963, HCPI filed its First Amended Complaint; on February 10, 1964, it filed its Second Amended Complaint; and on April 9, 1966, it filed its Third Amended Complaint under California's Cartwright (antitrust) Act, seeking treble damages against the four defendants in these cases on the same operative facts as subsequently alleged in the federal actions, save and except that no interstate commerce was alleged in the state actions. Since April 9, 1966, no action has been taken in the state court to prosecute it to conclusion.

On September 27, 1968, HCPI filed a federal antitrust action in the Central District of California, Civil No. 68–1625, seeking treble damages from the four defendants herein on the same grounds as alleged in the state action, save and except that interstate commerce was alleged. HCPI made no effort to have the summons served on any of the defendants from that date until May 23, 1969, when HCPI filed its First Amended Complaint and had summons issued thereon. On that same date—May 23, 1969—plaintiffs' same attorney filed another complaint almost identical to that in No. 68–1625 (as well as the state action), in the Central District of California under Civil Action No. 69–1008, the sole difference being the addition of Sierra Western Corporation as a plaintiff.

William M. Hurst at all times has completely dominated the ownership and management of HCPI, which is the now sole owner of Sierra Western Corporation. Sierra Western sells only to HCPI and operates under the fictitious name of Hurst Concrete Products of Ventura.

## PROBLEM

Defendants urge that these two federal actions should be dismissed because plaintiff has failed to prosecute his actions against defendants with reasonable diligence. Defendants urge the court has inherent power to enter the order of dismissal for lack of prosecution and is specifically empowered to do so under Rule 41(b), F.R.Civ.P.

## ANALYSIS AND RULING ON HURST'S SUITS

As the history shows, the alleged cause of action, underlying each and all, has been slumbering in state and

federal courts for almost six and one-half years and the only forward movement on the part of the plaintiffs[1] to bring their cause of action to conclusion has been to file complaints and amended complaints.

It is obvious that under Section 583 of the California Code of Civil Procedure the state action was subject to dismissal by the trial court—certainly by April 10, 1968—two years after the filing of the third amended complaint and, it would now appear, under California law dismissal of the state action is mandatory since the action has not been brought to trial within two years after filing—unless the plaintiff is able to make an affirmative showing of excusable delay. City of Los Angeles v. Superior Court (1969), 271 A.C.A. 348, 76 Cal.Rptr. 256; Market-Front Co. v. Superior Court (1969), 271 A.C.A. 571, 76 Cal.Rptr. 526; Paul W. Speer, Inc. v. Superior Court (1969), 272 A.C.A. 32, 77 Cal.Rptr. 152. However, no action has as yet been taken by either court or defendants to bring about its demise.

Both No. 68–1625 as amended and served on May 23, 1969, and No. 69–1008 were filed just one day before plaintiffs' claims would have been barred by the applicable statute of limitations.[2] On that date, No. 68–1625 was not yet subject to dismissal under Rule 10 of the rules of court of the Central District of California (which provides in substance that actions which have been pending for 12 months without any proceedings may after notice be dismissed by the court for want of prosecution). While no similar rule exists under federal procedure, CCP 581a expressly permits the plaintiff to wait one year to issue a summons after a complaint has been filed, and three years to serve and return the summons.

The underlying thrust of defendants' arguments is that this federal court should in some manner conjoin the sanctions now mandatory under the California state procedural rules with the tardy federal filing, no attempt to effect service, and the institution of what amounts to two new suits in the federal court on the last day before the statute of limitations would bar plaintiffs' claims, and then, because of the conjoined delay and failure to prosecute for over six and one-half years, now dismiss plaintiffs' actions.

While this court looks with no favor upon the way plaintiffs' counsel has dillydallied in both the state and federal courts, unfortunately for defendants' motions, this court is without jurisdiction to implement in this court the sanctions which must now be imposed upon the state court action. In the context of the facts in these actions, within the confines of its own jurisdiction, this court can only determine whether or not there has been such a violation of either the rules of court of the Central District of California or the Federal Rules of Civil Procedure as to permit it to dismiss the two federal actions.

Even though the facts alleged in the state antitrust action are exactly the same as those alleged in the federal antitrust actions, save and except for the allegations therein of involvement of interstate commerce, no judgment has ever been entered in the state action. Thus nothing has ever been decided.[3] Even if there had been a dismissal of the state action for lack of prosecution, such dismissal would not bar the present federal antitrust actions. Nothing

---

1. As indicated above, Sierra Western is but a Hurst satellite, and *for the purpose of this decision* is not treated as an independent entity.

2. Maricopa County v. American Pipe and Construction Co., et al., 303 F.Supp. 77 (D.Ariz.1969).

3. Cream Top Creamery v. Dean Milk Company, 383 F.2d 358, 363 (6 Cir. 1967).

which has transpired in the state action in any way binds the plaintiffs or defendants on any action involved in the federal suits. Moreover, even though the complaints in the state court action under the Cartwright Act and the federal actions under the Clayton and Sherman Acts do allege the same basic wrongs, under 15 U.S.C. § 15 Congress gave exclusive jurisdiction to the federal district court over wrongs committed under the federal antitrust acts, and in the absence of any judgment in a state court covering the precise questions raised in a federal action, the federal court can do naught but give to the antitrust plaintiff an opportunity to prove his claim.[4] The mere pendency of an unresolved state action at the time a federal action is filed is immaterial.

This court is not oblivious to the fact that many of the defendants' employees are no longer with them, nor the fact that Martin-Marietta has been out of the concrete pipe business since 1964. It is not improbable that these facts may prejudice, in some degree, the defendants' defense. That board, however, has two sides. It could be argued that because the state action was started in 1963, the defendants, having heard the declaration of war, were alerted and presumably kept the required records and ascertained the desired facts from their own employees—at that time, and if any prejudice results because of a failure to do so, it is the defendants own responsibility. This court will not expound again upon the intent of Congress in enacting the laws tolling the statute of limitations in antitrust cases.[5] Suffice to say the two federal actions were filed within the deadline date. The defendants are certainly no more prejudiced now because of the slumbering state litigation and the lack of service of the first federal ac-

tion than they would have been if neither had been filed.

Since this case has not yet been determined on its merits, and since the plaintiffs have filed their complaints within the period of the statute of limitations provided under the federal antitrust law, the harsh fact of dismissal is here not authorized. The periphery of Rule 41(b) is no greater than the perimeter of federal jurisdiction. There has not been such a failure to prosecute in the federal court as to permit the involuntary dismissal of this action thereunder.[6]

Defendants' motions to dismiss each of the above actions are denied.

---

4. Lyons v. Westinghouse Electric Corporation, 222 F.2d 184, 189 (2 Cir. 1955).

5. See *Maricopa County, supra* n. 2.

6. *Cf.* Food Basket, Inc. v. Albertson's, Inc., 416 F.2d 937 (10 Cir. 1969).