**David McCOMBS, Appellant,**

v.

**PITTSBURGH–DES MOINES STEEL COMPANY, a Pennsylvania corporation, Appellee.**

No. 425–69.

United States Court of Appeals, Tenth Circuit.

May 12, 1970.

Rehearing Denied June 25, 1970.

————◆————

Howard J. Swenson, Denver, Colo. (Benjamin E. Sweet, Denver, Colo., on the brief), for appellant.

John C. Mott, of Zarlengo, Mott & Carlin, Denver, Colo., for appellee.

Before LEWIS and SETH, Circuit Judges, and BRATTON, District Judge.

LEWIS, Circuit Judge.

This appeal is taken from an order dismissing an action under Fed.R.Civ.P. 41(b) for want of prosecution. Appellant-plaintiff's claim was one for personal injuries allegedly suffered in a truck-automobile collision. The case had followed orderly pre-trial procedures resulting in a trial setting for Monday morning, April 7, 1969, before a jury. At such time both sides appeared with available witnesses including several from out of state called by plaintiff and at least one out-of-state witness called by defendant. Plaintiff then moved for a continuance based on representations of inability to proceed because of the sudden illness of his "key" witness. The representations made by plaintiff's counsel may be narratively summarized.

Counsel indicated that he anticipated difficulty in establishing a prima facie case on the issue of liability. Plaintiff himself was suffering from retrograde amnesia and had no memory of the accident; defendant's truck driver had died subsequent to the accident but from un-related causes. Consequently the causal background of the accident was dependent on the testimony of two state highway patrolmen, Betterton and Confer, who had investigated the accident. Betterton, with the assistance of the now deceased truck driver, had taken measurements at the scene and had signed and filed the official accident report; Confer had photographed the scene. Both officers, by agreement of the parties, had been subpoenaed, Betterton for the first day of the trial and Confer for the second day. On Saturday evening preceding the Monday trial date, Betterton suffered a kidney stone ailment and was hospitalized. Neither of the parties had taken the deposition of either of the officers.

In substance plaintiff's counsel represented that Patrolman Betterton would testify concerning measurements and matters reflected in his accident report and to the effect that the accident report was inaccurate particularly as to skid marks at the scene of collision. The trial court, noting that Sergeant Confer was available as a witness, inquired about that witness' testimony. Plaintiff's counsel had not interviewd Confer; defendant's counsel replied that he had interviewed both officers, knew of no material variance in their testimony but did not know what Patrolman Betterton had told opposing counsel in that regard. The court then directed plaintiff's counsel to attempt to reach Confer by telephone and interview him. The attempt failed since Confer was neither on duty nor at home. The court then directed counsel to proceed with his case, calling other witnesses, and stated that a recess would be allowed to give counsel an opportunity to interview Confer the next day. Counsel replied that he felt he could not represent his client under that condition, that he could not risk his case on a witness he had not interviewed, one who had been subpoenaed by his opponent, and, thus he concluded, from whom he could expect a conflict. The court then dismissed the case premised on the conclusion that counsel had

made no showing that Betterton's testimony would be more than cumulative.

We are acutely aware of the fact that the work load within the District of Colorado is so great that strict calendaring is an absolute necessity and that if motions for continuance were freely granted the administration of justice within the district would suffer irreparably. However, all aspects of the proper administration of justice must be balanced as best they can and we are here compelled to conclude that the dismissal of this action with prejudice was too hard a sanction in view of the total circumstances. As this court stated in Davis v. Operation Amigo, Inc., 378 F.2d 101, 103:

> A dismissal, with prejudice, is a harsh sanction and should be resorted to only in extreme cases. No precise rule can be laid down as to what circumstances justify a dismissal for failure to prosecute but the procedural history of each case must be examined in order to make such determination. The judge must be ever mindful that the policy of the law favors the hearing of a litigant's claim upon the merits. (footnotes omitted).

This is not a case where continuance is sought for the convenience of counsel as in Community National Life Insurance Co. v. Parker Square Savings & Loan Ass'n, 10 Cir., 406 F.2d 603. Nor is our case one where the testimony of a missing witness is supplied by a statement agreed to contain no material difference from what live testimony would offer as in Ziegler v. Akin, 10 Cir., 261 F.2d 88, 92. In contrast, the claim was here made that Betterton's testimony would vary from the statements contained in the accident report. Nor do we agree that Betterton's testimony should be considered as cumulative for such a view presupposes that Confer would testify to inaccuracies in Betterton's measurements. Since plaintiff was otherwise ready for trial except for the witness' illness no question of deliberate delay or good faith is presented. *Cf.*

Food Basket, Inc. v. Albertson's, Inc., 10 Cir., 416 F.2d 937.

The judgment is reversed with directions to reinstate the action.

BRATTON, District Judge, dissents.