Denis F. **FOURNIER**

v.

The **TOWN OF COVENTRY** et al.

No. 91–571–Appeal.

Supreme Court of Rhode Island.

Oct. 19, 1992.

Albert A. DiFiore, Beals & DiFiore, Providence, for plaintiff.

Bradford Gorham, Gorham & Gorham, Providence, Carol Siravo, Cranston, Paul K. Sprague, Cobleigh, Sprague & Giacobbe, Warwick, for defendants.

## OPINION

**PER CURIAM.**

This matter came before a panel of the Supreme Court on appeal by the defendant, the town of Coventry (the town), from a default judgment entered against it for failure to comply with the plaintiff's discovery request in a timely fashion. At the time of the default, the trial justice awarded attorney's fees to counsel for the plaintiff and to counsel for the intervenors.[1] The plaintiff, a former Coventry police officer, contends that he was denied health and retirement benefits at the time of his retirement. The plaintiff alleged that certain other retired police officers received benefits that he was denied.

The town contends that the trial justice abused her discretion by entering a default judgment. The plaintiff's initial request for production was filed in February 1988. A motion to compel was filed in April 1988, and an order was entered. The town failed to comply with the order, and a motion to default was filed in July 1988. The town was then given additional time to respond to plaintiff's discovery request.

Over the ensuing three-year period, the town had sought and been granted numerous extensions for producing documents. During this period the town was defaulted twice for failure to comply with the discovery process and had the default judgment vacated on both occasions. This is the third default entered against the town.

It is noteworthy that the town's position throughout this litigation was either that plaintiff's requests for production were too general or that what plaintiff was requesting simply did not exist. Three years after the discovery process began, the town produced documents that plaintiff's witnesses testified had existed and that fell within the ambit of one of plaintiff's earlier discovery requests. The record shows that the town produced documents and complied with discovery requests only when faced with default.

1. The intervenors were retired Coventry police officers who were granted a motion to intervene for the limited purpose of protecting the confidentiality of Coventry town records pertaining to the police officers.

In *Providence Gas Co. v. Biltmore Hotel Operating Co.*, 119 R.I. 108, 376 A.2d 334 (1977), the defendant ignored interrogatories, an order to compel production, and an order to default. The defendant was given an additional sixty days to respond. Three weeks after the sixty-day deadline expired, the defendant responded but in an insufficient manner. The trial justice had the answers stricken and denied the motion to remove the default. This court ruled that the trial justice did not abuse his discretion. In the present case the town was granted numerous extensions and was defaulted on three occasions for failing to comply with discovery. The record is filled with instances of the town's stalling and ignoring court orders. The town's behavior is much more egregious than the behavior noted in *Providence Gas*. The record clearly shows a plethora of evidence demonstrating that the town grossly violated the spirit of discovery with unequivocal bad faith.

The town raised in its memoranda another argument that this court concludes is without merit.

For the reasons stated above, the town's appeal is denied and dismissed. The judgment of the Superior Court is affirmed, and the papers of this case are remanded to the Superior Court.

WEISBERGER, J., did not participate.