John MUMFORD et al.,

v.

Matthew LEWISS.

No. 95–262–Appeal.

Supreme Court of Rhode Island.

Aug. 26, 1996.

John Mumford, Pro Se.

Francis X. Flaherty, for Defendant.

## OPINION

PER CURIAM.

On April 16, 1996, counsel for the defendant came before us to show cause why this appeal should not be summarily decided.[1] The plaintiffs, John and Irene Mumford, appeal from the dismissal of their legal malpractice complaint against the defendant, Matthew Lewiss, for failing to comply with discovery orders.

After reviewing the parties' memoranda, we conclude that the motion justice did not abuse his discretion in entering a final judgment dismissing plaintiffs' complaint for their persistent failure to comply with their discovery obligations.

This appeal arises out of a legal malpractice action filed by plaintiffs against defendant in July of 1993. In mid-October of that year, defendant filed and served interrogatories upon plaintiffs. On December 30, 1993, defendant filed both a request for production of documents and a motion to compel more responsive answers to his interrogatories. A master granted defendant's motion to compel and ordered plaintiffs to file more responsive interrogatory answers by February 18, 1994. After plaintiffs had failed to produce the requested documents, the master granted defendant's second motion to compel and ordered plaintiffs to produce these documents on or before April 10, 1994.

Having received no reply to his request for documents or more responsive answers, defendant filed motions to dismiss plaintiffs' complaint on April 14, 1994. On May 27, 1994, defendant agreed to extend to June 15 the time for plaintiffs to respond to both requests. Despite this extension, plaintiffs again failed to provide the requested information. For a second time, defendant filed motions to dismiss plaintiffs' complaint, and plaintiffs did not object. Consequently, an order of dismissal was entered with the condition that it would be removed if plaintiffs complied with the outstanding discovery orders on or before August 17, 1994. The plaintiffs failed to comply. Instead, on August 18 plaintiffs filed a motion to extend the expired time for compliance by an additional ten days.

On the basis of plaintiffs' failure to comply with the master's conditional order of dismissal, defendant filed a motion for entry of final judgment and an objection to plaintiffs' motion for an extension of time. These motions were heard on September 19, 1994. A trial justice denied plaintiffs' request for an extension and ordered them to file a motion to vacate the conditional order of dismissal before October 17, 1994. On October 17 plaintiffs filed a motion to vacate the conditional order of dismissal.[2] This motion was heard on November 15, 1994. At the hearing plaintiffs' attorney represented to the master that during July and August of 1994, he was preparing to move his office and that, as a result, defendant's discovery requests went unanswered. The master denied plaintiffs' motion to vacate, concluding that plaintiffs had failed to demonstrate excusable neglect and that the final date for complying with defendant's discovery requests had expired August 17, 1994.[3] The defendant's motion for entry of final judgment was eventually heard on December 12, 1994. The trial justice granted defendant's motion and entered final judgment against plaintiffs. Subsequently, plaintiffs filed an appeal with this court.

1. The plaintiffs failed to appear at oral argument, but with the consent of defendant's counsel, we shall nonetheless consider the merits of plaintiffs' appeal on the parties' briefs.

2. On October 3, 1994, plaintiffs finally filed more responsive answers to defendant's October 12, 1993 interrogatories without having obtained leave of court to do so.

3. It appears plaintiffs filed a second motion to vacate the conditional order of dismissal, resulting in a separate hearing on this motion before another justice of the Superior Court. That justice denied plaintiffs' motion in an order entered November 22, 1994.

The plaintiffs assert on appeal that the sanction of entering a final judgment against them dismissing their complaint constituted an abuse of the motion justice's discretion. They argue that because they eventually complied with the discovery orders, defendant would not have been "unduly prejudiced by vacating the conditional order of dismissal."

■ At the outset, we note that, pursuant to the rules of discovery, the entry of a final judgment dismissing an action for noncompliance with a discovery order is within the discretion of the motion justice. *See Providence Gas Co. v. Biltmore Hotel Operating Co.*, 119 R.I. 108, 112, 376 A.2d 334, 336 (1977). Rule 37(b)(2)(C) of the Superior Court Rules of Civil Procedure provides that if a party fails to obey an order to permit discovery, the court may make "[a]n order striking out pleadings or parts thereof, or staying further proceedings until the order is obeyed, or *a final judgment dismissing the action or proceeding* or any part thereof, or rendering a judgment by default against the disobedient party * * *." (Emphasis added.)

■ This court will reverse the decision of a trial justice to impose a sanction under Rule 37 for noncompliance with a discovery rule or order only upon a showing of an abuse of discretion. *Senn v. Surgidev Corp.*, 641 A.2d 1311, 1320 (R.I.1994); *Limoges v. Eats Restaurant*, 621 A.2d 188, 190 (R.I. 1993). Despite the severity of a final judgment dismissing the action, this court will affirm a trial justice's use of this type of drastic sanction in the face of a party's persistent failure to comply with discovery obligations. *See Roberti v. F. Ronci Co.*, 486 A.2d 1087, 1088 (R.I.1985); *Bosler v. Sugarman*, 440 A.2d 129, 132 (R.I.1982); *Providence Gas Co.*, 119 R.I. at 114, 376 A.2d at 337.

■ Here, the record is replete with motions and orders that plaintiffs did not comply with or ignored. They failed to provide the requested information despite two motions to compel, an extension agreed to by defendant, and an extension afforded by the conditional order of dismissal. "[R]ather than take advantage of the offered opportunities to answer without penalt[y]," plaintiffs chose to be noncompliant and dilatory. *Providence Gas Co.*, 119 R.I. at 114, 376 A.2d at 337. Although plaintiffs have failed to provide us with transcripts of the hearing regarding plaintiffs' second motion to vacate the conditional order of dismissal and defendant's motion for entry of final judgment, our review of plaintiffs' actions in this case leads us to conclude that there has been no abuse of discretion.

As far as the plaintiffs' argument that the defendant would not be "unduly prejudiced by vacating the conditional order of dismissal" is concerned, we note that at some point a defendant is entitled to a dismissal of a complaint in an action in which a plaintiff's persistent failure to comply with discovery requests and related court orders causes inordinate delay, expense, and frustration for all concerned. In our opinion the Superior Court was acting well within its discretion when it concluded that this point had been reached here.

For the reasons stated, the plaintiffs' appeal is denied and dismissed, the judgment is affirmed, and the papers of the case may be remanded to the Superior Court.

WEISBERGER, C.J., and MURRAY, J., not participating.