**Ronald GOSSET et al.**

v.

**Susan REID.**

**No. 99–233–Appeal.**

Supreme Court of Rhode Island.

Jan. 9, 2001.

Lauren E. Jones, Providence, for Plaintiff.

Thomas R. Bender, David P. Whitman, Providence, for Defendant.

Present WEISBERGER, C.J., LEDERBERG, BOURCIER, FLANDERS, and GOLDBERG, JJ.

### OPINION

PER CURIAM.

Given a plaintiff who wouldn't or who couldn't go to trial, a Superior Court mo-

tion justice ruled that he shouldn't. Consequently, she entered a judgment dismissing his complaint. On appeal, following a prebriefing conference, a single justice of this Court ordered the plaintiffs to show cause why the issues raised in their appeal should not be summarily decided. Because they failed to do so, we proceed to decide the appeal at this time.

The plaintiff Ronald Gosset (Gosset), and the other plaintiffs—his wife, Linda, and their children, Mellissa and Verity—rented a portion of certain premises owned by the defendant, Susan Reid (Reid), in the city of Newport. The complaint claimed that Gosset had injured himself in 1990 while he was on Reid's property. Apparently, a large stone fell from a wall and struck him. The blow from the stone, he alleged, caused him to fall and hit his head. The complaint asserted that the stone wall surrounding the courtyard of Reid's property was unsafe and defective and that Reid knew or should have known of its unsafe condition. The complaint requested damages for Gosset's injuries, for his wife's resulting loss of consortium, and for his children's loss of parental society and companionship.

Before the court's eventual dismissal of this case, plaintiffs had sought and obtained numerous continuances to avoid starting the trial. Indeed, the trial justice granted no fewer than eight separate continuances in response to plaintiffs' motions to defer the trial because of Gosset's chronic illness and his inability to pay for experts. Gosset also refused to submit to a videotaped deposition of himself. Eventually, pursuant to Rule 41(b)(2) of the Superior Court Rules of Civil Procedure, defendant moved to dismiss the complaint based upon the plaintiffs' failure to comply with the court's order requiring Gosset to submit to the taking of his videotaped deposition. Rule 41(b)(2) provides:

"On motion of the defendant the court may, in its discretion, dismiss any action for failure of the plaintiff to comply with these rules or any order of court or for lack of prosecution as provided in paragraph (1) of this subdivision."

Paragraph (1) of Rule 41(b) provides that an action may be dismissed for lack of prosecution if it has been pending for more than five years, or, at any time, if plaintiff fails to proceed when the case is reached for trial. Here, although defendant moved to dismiss based upon plaintiffs' failure to comply with a court order, plaintiffs' complaint also had been pending for more than five years when the court dismissed the case.

In granting the motion to dismiss, the motion justice cited two reasons. First, she noted that Gosset had failed to comply with her previous order requiring him to submit to a videotaped deposition. But she also noted that she was "not making this ruling based solely upon the deposition issue." The motion justice observed that she had a duty to move cases along and to make sure that they were handled with equal regard to the rights of defendants and plaintiffs. She stated: "In this case, I don't think it is fair to require the defendant to continue to bear the burden of this pending litigation until Mr. Gosset's situation improves financially and/or medically so that she can then be called into court to defend herself."

■ We review the motion justice's decision in this case under an abuse of discretion standard. In *Hyszko v. Barbour*, 448 A.2d 723, 726 (R.I.1982), this Court held that "[a]buse of discretion is the applicable standard to be used when reviewing a [motion] justice's dismissal of a civil action for lack of prosecution pursuant to * * * Rule 41(b)(2)." A similar standard is applicable for cases dismissed for failure to comply with a discovery order. *See Mumford v. Lewiss*, 681 A.2d 914, 916 (R.I.1996) (per curiam). The order requiring Gosset to submit to a videotaped deposition was analogous to a discovery order. Therefore, given Gosset's failure to prosecute this case and his failure to submit to a

videotaped deposition, we review the dismissal order under a deferential abuse-of-discretion standard of review.

The plaintiffs argue that no evidence indicated that defendant would be prejudiced by the delay in the commencement of trial. The motion justice noted, however, that Reid would "be required to defend herself and to present evidence and testimony from witnesses who, if they are still around, are going to be asked to recall events which occurred, allegedly occurred ten years ago."

The plaintiffs counter that, in considering a motion to dismiss under Rule 41(b)(2), the motion justice is required to weigh conflicting interests. The court's need to manage its docket, the public interest in the expeditious resolution of litigation, and any prejudice to the defendant caused by the delay are placed on one side of the scale. On the other side, the court must factor in the goal of trying to dispose of cases on their merits rather than on procedural defaults. *See Hyszko,* 448 A.2d at 726. In the present case, it appears to us that the trial justice duly weighed the respective equities involved before granting Reid's motion to dismiss. The motion justice discussed the order requiring Gosset to submit to a videotaped deposition and noted that she "wanted to be sure that that deposition would take place under circumstances most benign to Mr. Gosset and with due regard for his medical conditions which are compromising him." She also noted that Gosset could have arranged for a caregiver to be present during the deposition to assure his comfort. The motion justice commented that ordering the videotaped deposition to proceed was the "gentlest thing [the court] could do and yet be fair to all parties." Given the absence of any indication from plaintiffs about when or if Gosset's medical and financial situation might improve enough to allow the trial to proceed, and because Gosset had refused to preserve his testimony in a videotaped deposition, the motion justice ultimately concluded that the case should be dismissed for plaintiffs' failure to proceed with a trial in a timely fashion.

The plaintiffs cite two federal cases in support of their argument that the trial justice abused her discretion in dismissing this case: *McCombs v. Pittsburgh–Des Moines Steel Co.,* 426 F.2d 264 (10th Cir. 1970) and *Benjamin v. Aroostook Medical Center, Inc.,* 57 F.3d 101 (1st Cir.1995). In *McCombs,* the district court dismissed the plaintiff's case when the plaintiff requested a continuance because of the sudden illness of a key witness. *McCombs,* 426 F.2d at 265. On appeal, the Tenth Circuit determined that this dismissal was overly harsh in light of the totality of the circumstances. *Id.* at 266. The court noted that the testimony of the absent witness was alleged to be unique and vital to the plaintiff's case. *Id.* Because the plaintiff otherwise was ready for trial, the court concluded that there was no question of deliberate delay or lack of good faith. *Id.* And in *Benjamin,* the trial court dismissed the plaintiff's case because the plaintiff's attorney was absent from scheduled proceedings. *Benjamin,* 57 F.3d at 103. The First Circuit determined that the dismissal was an abuse of discretion because the attorney was absent because of illness, the attorney had apprised the court of this situation by filing two motions for enlargement of time, and the litigation had been pending for less than one year. *Id.* at 108.

Although both *McCombs* and *Benjamin* involved circumstances in which litigation was delayed because of the illness of a key participant in the trial, their similarity with the present case is largely limited to that fact. In both *McCombs* and *Benjamin,* the dismissal of plaintiff's case occurred after only a short or insignificant delay. *Benjamin,* 57 F.3d at 103; *McCombs,* 426 F.2d at 265. In this case, however, the complaint had been pending since 1993 and plaintiffs had requested numerous trial continuances over the course of the two years before the dismissal. Although both *McCombs* and *Benjamin* involved only the issue of illness, here,

plaintiffs have alleged that they were unprepared for trial not only because of illness, but also because of financial problems. Finally, in this case, the motion justice accorded plaintiffs an opportunity to go forward—despite the illness of the complaining witness—by having Gosset submit to a videotaped deposition of his testimony. The plaintiffs' failure to do so contributed as much to the dismissal of the case as did their repeated failure to proceed when the case was reached for trial.

The plaintiffs contend that the trial justice should have dismissed the case without prejudice so that plaintiffs would have the opportunity to refile their complaint. To do so, however, would trivialize Reid's interests in obtaining a final resolution of this matter, one that began with an incident that occurred in 1990 and had been pending in court since 1993. In addition, as Reid has argued, if the plaintiffs' claims had been dismissed without prejudice, the plaintiffs would have had the opportunity to refile their complaint, and the process of awaiting trial would have begun anew for Reid. This would have effectively given the plaintiffs a prolonged continuance—one that they were not entitled to obtain in the first place. In light of the equities involved, we hold that the motion justice did not abuse her discretion in ultimately dismissing this case with prejudice.

For these reasons, we deny the plaintiffs' appeal and affirm the judgment in favor of the defendants.