James H. WOLOOHOJIAN et al.

v.

Elizabeth V. BOGOSIAN, et al.

No. 2002–219–Appeal.

Supreme Court of Rhode Island.

May 22, 2003.

Sara Quinn, Providence/Richard Condit.

William R. Grimm, Boston, MA/Brian Newberry, Providence.

### ORDER

The defendant, Elizabeth V. Bogosian, has appealed the entry of a default judgment in favor of the plaintiff, James H.

Woloohojian,[1] in this action for injunctive relief. The defendant has also appealed the severance of her counterclaim and subsequent dismissal thereof. The plaintiff has cross-appealed the denial of his motions for summary judgment. This case came before the Supreme Court for oral argument on May 7, 2003, pursuant to an order directing the parties to show cause why the issues raised in this appeal should not be summarily decided. After considering the record, the parties' memoranda, and the oral arguments of counsel, we conclude that the case should be decided at this time. We affirm the entry of the judgment of default and dismissal of the defendant's counterclaim in the Superior Court.

The plaintiff and defendant are general partners in twelve limited partnerships which own housing projects in Rhode Island and Connecticut. Their business relationship soured in 1987 and the parties have been involved in extensive litigation in various forums since. This case began in 1995 when plaintiff filed a complaint seeking the removal of defendant as a general partner. The defendant filed a counterclaim seeking to have plaintiff withdrawn or declared incompetent under the terms of the partnership agreements. The trial justice, upon plaintiff's motion, severed these claims.

The issues on appeal arose from defendant's alleged failure to comply with plaintiff's discovery requests. After affording defendant numerous opportunities to respond to plaintiff's interrogatories and requests for document production, a Superior Court justice entered a judgment of default against defendant. The justice also dismissed defendant's counterclaim with prejudice.

Rule 37(b)(2)(C) of the Superior Court Rules of Civil Procedure affords a trial justice wide discretion to "render[ ] a judgment by default against the disobedient party" when that party fails to obey an order to comply with discovery obligations. *Travelers Insurance Company v. Builders Resource Corp.*, 785 A.2d 568, 569 (R.I. 2001) (mem). This Court has held that the entry of a default judgment for failure to comply with a discovery order will only be reversed upon a showing of an abuse of discretion. *Mumford v. Lewiss*, 681 A.2d 914, 916 (R.I.1996) (per curiam). "An abuse of discretion results from the granting of a motion for default judgment in the absence of evidence demonstrating persistent refusal, defiance or bad faith." *Travelers Insurance Company*, 785 A.2d at 569.

The record here fully supports the justice's decision to enter a default judgment against defendant and to dismiss her counterclaim. The defendant repeatedly refused to avail herself of various opportunities to comply with discovery requests. The defendant failed to respond to three sets of interrogatories, did not produce documents requested, and ignored a court order entered upon plaintiff's motion to compel. After finding that defendant had adequate time to respond to these requests, the Superior Court justice entered a conditional order of default and dismissal against defendant. This order allowed defendant until March 13, 2002, two days

1. The plaintiff filed this complaint individually and in his capacity as general partner against defendant individually and in her capacity as a general partner of the following Rhode Island Limited Partnerships: Stratford House Associates, Sparrows Point I Associates, Sparrows Point II Associates, Sparrows Point III Associates, Aaron Briggs Associates, Adelaide Associates, Northern Plaza Associates, D'Evan Manor Associates, Melrose Associates, Maplewood Terrace Associates, Whitehall Associates; as well as of Hartford East Associates, a Connecticut Limited Partnership.

before trial was scheduled to begin, to respond to discovery requests.

The defendant's eleventh-hour response to this order complied with the discovery requests in name only. On March 13, 2002, defendant appeared in court with objections to the discovery requests, unresponsive answers, a motion for discovery sanctions against plaintiff, and a box of documents. She also directed plaintiff to a Motel 6 on Jefferson Boulevard in Warwick, where twelve boxes of documents were made available for his review. The hearing was continued in order that plaintiff could review the documents.

Despite this additional time in which to comply and the entry of a conditional order of default, defendant chose to be "noncompliant and dilatory." *Mumford*, 681 A.2d at 916. At a subsequent hearing on March 20, 2002, plaintiff brought to the court's attention that the boxes of documents in the motel room and defendant's answers to interrogatories were non-responsive on their face. The motion justice rejected defendant's argument that plaintiff's discovery requests were satisfied by evidence procured in federal litigation pending between these parties. The justice observed that plaintiff was "entitled to answers [to interrogatories] under oath * * * in this case at this time[.]" The motion justice concluded that defendant had not "produced all of the documents requested and answered all of the interrogatories propounded as required by [the Superior Court]'s previous orders," and entered a default judgment in favor of plaintiff. He also dismissed her counterclaim with prejudice.

The defendant's inaction and non-responsiveness belie her protestations of good faith and best efforts. As we observed in *Mumford*, there is often a point in litigation when a party is entitled to a dismissal of an action in which the opposing party's "failure to comply with discovery requests and related court orders causes inordinate delay, expense, and frustration for all concerned." 681 A.2d at 916. The motion justice's conclusion in this case that the defendant's persistent refusal to provide the requested information despite numerous opportunities to do so warranted a default and dismissal was clearly within his discretion. *Fournier v. Town of Coventry*, 615 A.2d 118, 119 (R.I. 1992) (per curiam).

Because our decision on this issue is dispositive of this case, we shall not address the remaining issues on appeal. The defendant's appeal is denied. The plaintiff's cross-appeal is denied as moot. The entry of a default judgment in favor of the plaintiff is affirmed. The dismissal of defendant's counterclaim is affirmed. The papers in this case may be remanded to the Superior Court.

Justices FLANDERS and FLAHERTY did not participate.