Muna AHMED et al.

v.

ST. JOSEPHS HEALTH SERVICES
OF RHODE ISLAND et al.

No. 2007–364–APPEAL.

Supreme Court of Rhode Island.

June 23, 2011.

Mark L. Smith.

Todd J. Romano.

Stanley F. Pupecki.

## ORDER

The plaintiff, Muna Ahmed, appeals from a Superior Court judgment entered in favor of the defendants in the plaintiff's wrongful death and medical malpractice case—which judgment was a consequence of the dismissal of the plaintiff's case due to the failure to comply with the defendants' discovery requests and the court's orders relative thereto. On appeal, the plaintiff contends that the hearing justice abused her discretion in dismissing the plaintiff's complaint.

This case came before the Supreme Court for oral argument pursuant to an order directing the parties to appear and show cause why the issues raised in this appeal should not be summarily decided. After considering the record, the memoranda submitted by the parties, and the oral arguments of counsel, we are satisfied that this appeal may be decided without further briefing or argument. For the reasons set forth in this order, we affirm the judgment of the Superior Court.

On January 18, 2005, plaintiff Muna Ahmed, individually and as administratrix of the estate of Malek Ahmed (Ms. Ahmed's deceased husband), filed a wrongful death and medical malpractice complaint in the Superior Court for Providence County; named as defendants were St. Joseph Health Services and Rhode Island Hospital.[1] The allegations set forth in the complaint related to the purported actions or inactions of defendants prior to the death of Mr. Ahmed in January of 2002.

Between January of 2005 (when the instant case was filed in the Superior Court) and September of 2007 (when defendants' motions to dismiss were granted), ten orders had entered; each of those orders dealt with (directly or indirectly) plaintiff's noncompliance with various discovery requests made by defendants. (Five of the orders granted defendants' motions to compel; one order denied plaintiff's motion to amend the scheduling order and for an extension of time within which to comply with the scheduling order; and four of the orders were conditional orders of dismissal.) The last of the just-referenced orders,

---

1. In her original complaint, plaintiff named the following defendants:
   "St. Josephs Health Services of Rhode Island, alias, St. Joseph Health Servicer, Inc., Center for Walk–In Clinic, Alias, St. Joseph Hospital for Specialty Care Center for Health and Human Services, Walk–In Clinic, alias, John Doe, 1, John Doe 2, John Doe 3, Alias, Rhode Island Hospital, Alias, Lifespan Corporation."
   For the benefit of the reader, and in accordance with the manner in which the parties proceeded in the Superior Court, we shall hereinafter refer to defendants simply as St. Joseph Health Services and Rhode Island Hospital. We also refer to defendant St. Joseph Health Services as such, and not as "St. Josephs" (as plaintiff named this defendant in her complaint and as the case caption continues to reflect), because that is the manner in which this particular defendant refers to itself in its brief to this Court.

which was entered on September 11, 2007, granted defendant St. Joseph Health Services' motion to dismiss because of plaintiff's failure to have provided more responsive answers to certain interrogatories. The September 11, 2007 order expressly indicated, however, that it "may be deemed vacated should plaintiff comply with the previous [o]rder of [the Superior Court] by furnishing More Responsive Answers" within two weeks; that two-week period ended on September 12, 2007.[2]

On September 19, 2007, a hearing was held in the Superior Court on motions filed by both defendants seeking dismissal of plaintiff's case and entry of final judgment. At the conclusion of the hearing, the hearing justice dismissed plaintiff's case, stating that she was doing so as a sanction authorized by Rule 37 of the Superior Court Rules of Civil Procedure.[3] Final judgment entered with respect to St. Joseph Health Services on September 27, 2007 and with respect to Rhode Island Hospital on October 18, 2007. The plaintiff filed a timely notice of appeal.

As we have previously stated, Rule 37(b)(2)(C) provides that, "if a party fails to comply with a discovery order, a court may enter 'a final judgment dismissing the action or proceeding or any part thereof, or [may render] a judgment by default

against the disobedient party * * *.'" *Goulet v. OfficeMax, Inc.*, 843 A.2d 494, 495 (R.I.2004) (mem.) (quoting Rule 37(b)(2)(C)); *see also Mumford v. Lewiss*, 681 A.2d 914, 916 (R.I.1996). The decision whether or not to impose such a sanction is confided to "the discretion of the motion justice" and will be overturned by this Court "only upon a showing of an abuse of discretion." *Goulet*, 843 A.2d at 496; *see also Mumford*, 681 A.2d at 916. We have explained as follows the policy-based rationale for the allowance of draconian sanctions in appropriate cases:

> "[A]t some point[,] a defendant is entitled to a dismissal of a complaint in an action in which a plaintiff's *persistent failure to comply* with discovery requests and related court orders causes inordinate delay, expense, and frustration for all concerned." *Mumford*, 681 A.2d at 916 (emphasis added).

In the instant case, the record discloses that the hearing justice had clearly come to the conclusion that she was confronted with just such a "persistent failure to comply with discovery requests and related court orders." *See id.* The hearing justice described the basis for her dismissal of plaintiff's case as follows:

> "[T]he motion to dismiss is granted, continued three weeks for entry of final dismissal if there's not compliance in two weeks * * *."

September 12, 2007, the date by which plaintiff was to comply, was exactly two weeks from August 29, 2007.

2. The order of September 11, 2007 did not state, in so many words, that it was a conditional order of dismissal. However, the language of the order clearly indicates that it is in effect a conditional order of dismissal—and we included it as one of the four conditional orders of dismissal when, earlier in this order, we itemized the ten Superior Court orders relating to plaintiff's noncompliance with defendants' discovery requests.

We also note that, even though the order did not enter until September 11, during an August 29, 2007 hearing on St. Joseph Health Services' motion to dismiss, the hearing justice provided an explicit time frame within which plaintiff was to comply. She stated in pertinent part as follows:

3. Rule 37(b) of the Superior Court Rules of Civil Procedure enumerates the various means by which a party may be sanctioned for a failure to comply with a court order pertaining to discovery. One of the authorized sanctions is entry of "a final judgment dismissing the action or proceeding or any part thereof * * *." Rule 37(b)(2)(C).

"My problem is [that] there's *an overall failure* to comply with the rules of this [c]ourt and the discovery requests. I can excuse pieces of it. \* \* \* But, we have *a wholesale, across-the-board failure* to respond to orders of this [c]ourt, failure to respond to discovery obligations generally. I just can't overlook it any longer." (Emphasis added.)

After a careful review of the record, we perceive no abuse of discretion on the part of the hearing justice in reaching the just-quoted conclusion. In the instant case, just as in *Mumford,* "the record is replete with motions and orders that plaintiff[ ] did not comply with or ignored." *See* 681 A.2d at 916. Confronted with a plaintiff who had failed to comply with numerous discovery requests and discovery-related court orders over the course of two years—which failure left the defendants in the position of having to guess as to certain basic elements of the plaintiff's case nearly two years after its commencement—the hearing justice did not abuse her discretion when she determined that the dismissal of the plaintiff's case and the entry of final judgment in favor of the defendants was a proper sanction.

For the reasons set forth in this order, we affirm the judgment of the Superior Court. The record in this case may be returned to that tribunal.

Justice FLAHERTY did not participate.