Robert ROBERTI

v.

F. RONCI COMPANY, INC.

No. 84–398–Appeal.

Supreme Court of Rhode Island.

Jan. 24, 1985.

Mark Sjoberg, Lovett, Morgera, Schefrin & Gallogly, Ltd., Providence, for plaintiff.

Edward T. Hogan, Hogan & Hogan, East Providence, for defendant.

## OPINION

PER CURIAM.

This case was before the Supreme Court on appeal by the defendant from a judgment entered against it. The defendant was ordered to appear and show cause why the appeal should not be dismissed. In showing cause, the defendant was specifically directed to address the issues of whether the trial justice abused her discretion in entering default for failure to comply with discovery orders and whether the entry of judgment nunc pro tunc and the computation of damages were error.

The law suit was filed in 1975. After a long, hotly contested discovery process, the trial justice in 1984 found that defendant had participated in an orchestrated effort to obstruct, delay, and hinder all normal discovery procedures. Our review persuades us that her conclusion was more than justified. Entry of default therefore was in no way an abuse of discretion.

In 1979, plaintiff had moved for default for defendant's failure to comply with discovery procedures. The motion was granted and a conditional order of default was entered by the court on April 20, 1979. The appropriate docket entry of this order was made. In accordance with Superior Court practice, prevailing counsel had reduced the order to writing, had filed it with the clerk, and had forwarded a copy to opposing counsel. No objection to the form of the order was filed within three days, and the clerk thereafter signed it.

An order entered following the ruling by a justice on the motion calendar is analogous to a judgment entered under Rule 58 of the Superior Court Rules of Civil Procedure. It is effective when it correctly conforms to the ruling made by the judge and is signed by the clerk. When counsel for defendant in 1982 challenged the order entered because it had not been signed by the judge, the trial justice signed the order nunc pro tunc to April 20, 1979. In doing so, she was merely confirming the fact that the order as signed by the clerk was properly entered originally. Her signing therefore was mere surplusage.

The defendant's challenge to the assessment of damages as being based on assumption and speculation must also fail.

The defendant had admitted that it had destroyed the invoices from which damages could have been more accurately computed. It appears to the court that the trial justice's inferences and conclusions drawn from the evidence available were reasonable.

For these reasons the appeal of the defendant is denied and dismissed. The judgment appealed from is affirmed, and the papers of the case are remanded to the Superior Court for further proceedings.

KELLEHER and MURRAY, JJ., did not participate.