**EASTLAND SAVINGS BANK**

v.

**RHEDOM REALTY CORPORATION.**

Nos. 92–260–Appeal, 91–3160.

Supreme Court of Rhode Island.

April 23, 1993.

### ORDER

This matter was before a panel of the Supreme Court pursuant to an order issued to the appellant Rhedom Realty Corporation to appear and show cause why its appeal from a default judgment should not be denied and dismissed. After reviewing the memoranda submitted by the parties and after hearing their counsel in oral argument, it is the conclusion of this court that cause has not been shown.

For the purposes of this appeal we will assume that the appeal was timely filed.

The court is of the opinion that under Super.R.Civ.P. 37(b)(2) the trial justice was fully justified in defaulting defendant for failure to comply with discovery requests. On the basis of what was presented the trial justice decided the defendant had the ability to produce the requested documents and refused to do so. Our standard of review in these situations is whether the trial justice abused discretion in entering the order. *Roberti v. F. Ronci Co., Inc.,* 486 A.2d 1087, 1088 (R.I.1985). The court is of the opinion that no abuse of discretion was shown.

For these reasons the defendant's appeal is denied and dismissed, the judgment appealed from is affirmed and the papers of the case are remanded to the Superior Court.

WEISBERGER, J., did not participate.

**Matter of Alfred E. BOLLENGIER**
**(Lisi).**

No. 93–110 M.P.

Supreme Court of Rhode Island.

April 29, 1993.

### ORDER

The above-named attorney has presented a request that he be transferred to inactive status due to his present inability to engage in the practice of law. Mr. Bollengier has submitted to this Court a report from a health care provider in support of his request.

On the basis of the Petition for Inactive Status and the supporting report from the health care provider, this Court is of the opinion that Mr. Bollengier is presently incapacitated from continuing the practice of law.

Accordingly, it is hereby ordered, adjudged and decreed that Alfred E. Bollengier be and he is hereby transferred to an inactive status on the grounds of such incapacity pursuant to Article III Rule 17 until further order of this Court.

WEISBERGER, J., did not participate.