William J. FLANAGAN et al.

v.

Marcia BLAIR et al.

No. 2004–179–Appeal.

Supreme Court of Rhode Island.

Aug. 26, 2005.

Paul V. Jabour, Providence, for Plaintiff.

Jonathan Mark Silverstein, Boston, MA, for Defendant, Anna Prager.

Present: WILLIAMS, C.J., FLAHERTY, SUTTELL, and ROBINSON, JJ.

## OPINION

PER CURIAM.

On January 14, 2004, the Superior Court granted the motion of the defendant Anna F. Prager for entry of final judgment in her favor.[1] The Superior Court granted that motion because of the plaintiff's failure to have complied with his discovery obligations that were referred to in the Superior Court's October 31, 2003 conditional order of dismissal.

In accordance with the court's ruling of January 14, 2004, judgment was entered pursuant to Rule 54(b) of the Superior Court Rules of Civil Procedure, dismissing all of plaintiff's claims against Ms. Prager with prejudice. The plaintiff subsequently filed a motion for reconsideration, which was denied. He now appeals from the Superior Court's denial of that motion, arguing that the motion justice abused his discretion under Rule 37(b)(2)(C) of the Superior Court Rules of Civil Procedure.

This case came before the Supreme Court for oral argument on April 5, 2005, pursuant to an order directing the parties to appear and show cause why the issues raised in this appeal should not be summarily decided. After hearing the arguments of counsel and examining the memoranda submitted by the parties, we are of the opinion that cause has not been shown and that this case should be summarily decided. It is our opinion that the motion justice did not abuse his discretion in granting defendant's motion for entry of

---

1. Anna F. Prager is one of eighteen defendants against whom William J. Flanagan and co-plaintiff Mary Ellen Pierel filed suit on August 2, 1999. The Superior Court also granted a motion for entry of final judgment with respect to the claims of Ms. Pierel. Ms. Pierel, however, has not appealed from the dismissal of her case.

final judgment, and we therefore affirm the judgment of the Superior Court.

## FACTS AND TRAVEL

William J. Flanagan (plaintiff) and Mary Ellen Pierel filed an action on August 2, 1999 against Marcia Blair and seventeen other defendants—including Anna F. Prager (defendant). The complaint alleged that defendant Prager (and several other defendants) had interfered with plaintiffs' employment and contractual relations and caused them reputational injury and emotional distress in connection with the termination of their employment relationship with the Rhode Island Substance Abuse Prevention Task Force Association, of which defendant Prager was one of several members of the board of directors.[2]

On December 27, 2002 defendant's attorney served plaintiff with discovery requests, which consisted of interrogatories and requests for production of documents.[3] Having failed to receive the information and data that were the object of his discovery requests, defendant's attorney filed a motion to compel responses to those discovery requests on July 23, 2003, which motion the Superior Court granted on August 18, 2003. The court ordered plaintiff to serve his responses on defendant within thirty days. After the expiration of the thirty-day period, and with plaintiff still not having complied with his discovery obligations, defendant filed a

motion to dismiss on September 22, 2003, to which motion plaintiff objected. The motion to dismiss was scheduled to be heard on October 1, 2003; but, on September 30, 2003, plaintiff's attorney filed a motion to withdraw from the case, and he requested that the court stay all discovery for sixty days so that plaintiff could obtain a new attorney or enter his appearance *pro se*.[4]

On October 23, 2003, the Superior Court heard both the motion to dismiss that had been filed on behalf of defendant and the motion to withdraw that had been filed by plaintiff's attorney. On October 31, 2003, the court issued a conditional order of dismissal, indicating that plaintiff's discovery responses would be due *"on or before December 8, 2003."* (Emphasis added.) On November 19, 2003, the motion justice issued another order directing plaintiff's attorney to assist plaintiff in preparing responses to defendant's discovery requests. The court also granted the motion to withdraw that had been filed by plaintiff's attorney, which withdrawal would become effective without further order of the court at such time as discovery responses were filed with the court.[5]

On January 5, 2004, defendant filed a motion for entry of final judgment, which motion was scheduled to be heard on January 14, 2004. Then, on January 13, 2004, plaintiff's attorney proceeded to serve defendant with answers to defendant's interrogatories and responses to defendant's request for production of documents.

---

2. In his complaint, Mr. Flanagan asserted (*inter alia*) that, as a result of the actions of defendants, he was removed from his position as grant administrator for the Rhode Island Substance Abuse Prevention Task Force Association, a nonprofit Rhode Island corporation.

3. For reasons that will become clearer later in this opinion, we note that plaintiff's attorney was court-excused from September 2003 until January 15, 2004.

4. The plaintiff's attorney amended this motion twice, and it was not actually heard until October 23, 2003.

5. The motion to withdraw was granted as to plaintiff's attorney and all attorneys associated with that attorney's firm.

Copies of same were filed with the Superior Court on January 14, 2004.

At the January 14, 2004 hearing on defendant's motion for entry of final judgment, an associate of plaintiff's attorney appeared on behalf of plaintiff.[6] At the hearing, the associate conceded that plaintiff had not filed discovery responses by the December 8, 2003 date that had been specified in the court's previous conditional order of dismissal.[7] The fact that plaintiff's attorney had been court-excused since the previous September was not raised by the associate at the hearing on January 14, 2004.

The Superior Court found that plaintiff had failed to comply with the court's October 31, 2003 conditional order of dismissal, which had explicitly required plaintiff to comply with his discovery obligations by December 8, 2003. In addition, the court indicated that it could not find "any exigent circumstances that existed that would have been some reason for [it] to consider why the responses were not timely filed by certainly the 8th of December." Accordingly, the court granted defendant's motion for entry of final judgment, and it dismissed all of the claims of William J. Flanagan against defendant Anna F. Prager.

Shortly thereafter, on January 20, 2004, plaintiff filed a motion for reconsideration, which was heard on January 29, 2004. This time, plaintiff's attorney himself appeared, and he raised for the first time the fact that he had been court-excused from September 2003 until January 15, 2004. The plaintiff's attorney argued that, because of his own court excused-status, the defendant's motion for entry of final judgment against plaintiff should not have been heard on January 14, 2004.

## Analysis

■ The plaintiff's first argument on appeal is that defendant's motion for entry of final judgment was moot at the time it was heard because plaintiff had responded to defendant's discovery requests prior to the January 14, 2004 hearing on that motion. For that reason, according to plaintiff, the motion should have been denied.

Although it is undisputed that plaintiff provided defendant with discovery responses before the hearing on January 14, 2004, he nevertheless had failed to abide by the court's utterly clear October 31, 2003 conditional order of dismissal. That conditional order of dismissal explicitly required plaintiff to serve discovery responses *on or before December 8, 2003*. Therefore, the issue of plaintiff's compliance with the court's conditional order of dismissal was properly before the motion justice.[8]

■ Rule 37(b)(2) provides the court with a variety of sanctions that may be

---

**6.** We use the term "associate" in the broadest sense here. The precise professional relationship between plaintiff's principal attorney and the attorney who represented plaintiff at the January 14, 2004 hearing is not clear from the record.

**7.** The following exchange between the motion justice and the associate of plaintiff's attorney occurred at the January 14, 2004 hearing on defendant's motion for entry of final judgment:

"THE COURT: * * * There was no compliance by the 8th of December?

"[ASSOCIATE]: There wasn't, Your Honor. But we did comply prior to today."

The associate also informed the court that the discovery responses had in fact been served "yesterday morning" (*i.e.* January 13, 2004).

**8.** The plaintiff also argues that the "custom and practice amongst Rhode Island lawyers" is such that defendant's attorney should have "passed" defendant's motion for entry of final judgment upon receipt of plaintiff's discovery responses. Although defendant's attorney certainly could have taken that path if he desired, and if his client consented, there is no rule that required him to do so.

imposed on a party who has failed to comply with an order to provide discovery.[9] One of the sanctions that is available to the court in appropriate circumstances is an order directing the entry of final judgment. The decision whether or not to invoke that ultimate sanction is confided to the sound discretion of the motion justice. *Goulet v. OfficeMax, Inc.*, 843 A.2d 494, 496 (R.I.2004) (mem.); *Mumford v. Lewiss*, 681 A.2d 914, 916 (R.I.1996). Nothing in Rule 37(b)(2) states or suggests that that sanction can only be imposed after the court has considered or tried other less severe sanctions. *See* Rule 37(b)(2); *see also Damiani v. Rhode Island Hospital*, 704 F.2d 12, 13 (1st Cir.1983).

■ This Court will not reverse a motion justice's decision to impose a Rule 37 sanction for noncompliance with a discovery order absent a showing of an abuse of discretion. *Goulet*, 843 A.2d at 496; *Mumford*, 681 A.2d at 916. We will find an abuse of discretion only when a motion justice has dismissed an action "in the absence of evidence demonstrating persistent refusal, *defiance* or bad faith." *Travelers Insurance Co. v. Builders Resource Corp.*, 785 A.2d 568, 569 (R.I.2001) (mem.) (emphasis added).

■ In this case, the record supports the motion justice's finding that plaintiff failed to comply with the court's conditional order of dismissal which mandated that he provide discovery responses to defendant by December 8, 2003. The plaintiff's failure to comply in a timely manner with such an explicit and clear order constituted "defiance" on the part of plaintiff. *See id.*[10] For this reason, we hold that the motion justice did not abuse his discretion in granting defendant's motion for entry of final judgment.[11]

■ Finally, plaintiff argues that the court erred in denying that aspect of his motion for reconsideration in which he argued that the January 14, 2004 hearing should not have been held because he was

9. Rule 37(b)(2) of the Superior Court Rules of Civil Procedure states in pertinent part:

"If a party * * * fails or refuses to obey an order to provide or permit discovery, including [an order compelling discovery] made under subdivision (a) of this rule * * *, the court may make such orders and enter such judgment in regard to the failure or refusal as are just, and among others the following:

(A) An order that the matters regarding which the order was made, or any other designated facts shall be taken to be established for the purposes of the action in accordance with the claim of the party obtaining the order;

(B) An order refusing to allow the disobedient party to support or oppose designated claims or defenses, or prohibiting the disobedient party from introducing designated matters in evidence;

(C) An order striking out pleadings or parts thereof, or staying further proceedings until the order is obeyed, or a final judgment dismissing the action or proceeding or any part thereof, or rendering a

judgment by default against the disobedient party;

(D) In lieu of any of the foregoing orders or in addition thereto, an order treating as a contempt of court the failure to obey any orders except an order to submit to a physical or mental examination."

10. It should also be noted that the record reveals that plaintiff had been given two opportunities to comply with the defendant's discovery requests before the deadline set forth in the conditional order of dismissal of October 31, 2003.

11. Had we been in the motion justice's position, we may well have chosen a less severe sanction; but we cannot say that the hearing justice abused his discretion in not doing so. *See National Hockey League v. Metropolitan Hockey Club, Inc.*, 427 U.S. 639, 642, 96 S.Ct. 2778, 49 L.Ed.2d 747 (1976) ("The question, of course, is not whether this Court, or whether the Court of Appeals, would as an original matter have dismissed the action; it is whether the District Court abused its discretion in so doing.").

court-excused at that point in time. We treat motions for "reconsideration" (which are not mentioned as such in the Rules of Civil Procedure) as the equivalent of motions to vacate under Rule 60(b) of the Superior Court Rules of Civil Procedure. *Keystone Elevator Co. v. Johnson & Wales University,* 850 A.2d 912, 916 (R.I.2004).

■ Without suggesting that a court's unawareness of the court-excused status of an attorney could *never* be grist for a Rule 60(b) motion, we need not enter into any extended Rule 60(b) discussion in this case. The plain fact is that, at the various court hearings that occurred during the discovery phase of this case, an attorney associated with the plaintiff's principal attorney appeared in court to represent Mr. Flanagan's interests. It does not appear from the record that the court-excused status of the plaintiff's principal attorney was brought to the court's attention at those hearings. As a result, plaintiff and his principal attorney are estopped from relying upon that issue in the context of a motion for reconsideration filed after the dismissal motion had been granted. There would be obvious unfairness in allowing a party to have two bites at the apple in that manner.[12]

### Conclusion

For the reasons stated herein, we affirm the judgment of the Superior Court. The record shall be remanded to the Superior Court.

Justice GOLDBERG did not participate.

---

12. For the same reason, we will not consider plaintiff's additional argument, which challenges the Rule 37(a)(2) certification that defendant made on the face of her July 23, 2003 motion to compel. The defendant's motion to compel was heard on August 6, 2003, and there is no indication in the record that plaintiff's attorney raised defendant's alleged non-compliance with this certification requirement at that time.