**Jaime L. AGUAYO**

v.

**Peter P. D'AMICO et al.**

**No. 2008–142–Appeal.**

Supreme Court of Rhode Island.

Oct. 21, 2009.

J. Ronald Fishbein, Esq., Providence.

Joseph F. Penza, Jr., Esq., Warwick.

**O R D E R**

This case came before the Supreme Court on October 2, 2009, pursuant to an order directing the parties to appear and show cause why the issues raised in this appeal should not summarily be decided. After reviewing the parties' memoranda and hearing counsel's arguments, we are satisfied that cause has not been shown. As a result, we shall decide the appeal at this time.

The plaintiff, Jaime L. Aguayo (plaintiff), appeals from a Superior Court judgment dismissing his complaint against defendants, Peter P. D'Amico, Robert Testa, D'Amico & Testa, Craig Rapoza, and Peter Arpin (D'Amico or defendant), based on plaintiff's failure to comply with discovery orders. This is a legal malpractice case in which plaintiff alleged numerous counts arising from the attorney-client relationship between plaintiff and defendant, D'Amico. However, the only issue before this Court is whether the judgment of the Superior Court that dismissed plaintiff's complaint for failure to comply with dis-

covery orders should be affirmed. For the reasons set forth here, we affirm the judgment of the Superior Court.

In March 2004, plaintiff filed a complaint seeking monetary damages that he alleged resulted from a business transaction for the sale of a radio station's assets, in which he was represented by D'Amico. On January 13, 2005, defendant requested discovery from plaintiff, specifically the production of documents and answers to interrogatories. On August 22, 2007, nearly two and one-half years later, defendant filed a motion to compel answers to his interrogatories.[1] The trial justice granted defendant's motion under Rule 7 of the Superior Court Rules of Civil Procedure, but she afforded plaintiff an additional month, until September 21, 2007, to respond.[2]

The plaintiff failed to comply with this order, and on November 7, 2007, defendant moved for a conditional order of dismissal. The trial justice issued an order that granted plaintiff yet another opportunity, until December 7, 2007, to comply with his discovery obligations.

After plaintiff again failed to respond, a hearing on defendant's motion for entry of final judgment was scheduled on January 16, 2008. However, on January 15, 2008, defendant received answers to interrogatories and production of documents. The response was inadequate; it consisted of 500 pages of documents and a thirty-nine page supplement to the interrogatory requests. According to defendant, plaintiff failed to answer specifically the questions set forth in the interrogatories. At the

---

1. It should be noted that this litigation has a complex history. After the complaint was filed in Rhode Island Superior Court, there also was a related bankruptcy case filed in the United States District Court in Rhode Island. Because the bankruptcy case was going on concurrently, this case was stayed until 2006.

2. We note that the trial justice disclosed on the record that she had shared a law office with D'Amico nearly twenty years before. The plaintiff did not object to her participating in this case.

hearing on January 16, 2008, the trial justice asked plaintiff's counsel to locate answers to specific interrogatories. He was unable to do so, and asked for a continuance.

The trial justice granted plaintiff a further continuance to prepare for the hearing. Two weeks later, on January 30, 2008, the parties reconvened and plaintiff's counsel submitted a "petition for instructions," suggesting that the trial justice should recuse herself. The trial justice, however, did not rule on the "petition" finding that it was not properly before the court; there was no motion for recusal, nor was the issue of recusal on the court's calendar. The trial justice attempted to decipher plaintiff's complicated scheme for indexing his "answers" to the interrogatories. Yet again, the trial justice was unable to find sufficient answers to the discovery request and directed that a judgment of dismissal enter in this case. The plaintiff appealed.

Before this Court, plaintiff alleges that his discovery response was in substantial compliance with the Superior Court Rules of Civil Procedure. Further, plaintiff asserts that the trial justice abused her discretion in dismissing the case and should have recused herself from the proceedings because of an alleged conflict of interest, arising out of an earlier professional relationship, with D'Amico. The plaintiff's arguments are without merit.

Rule 37(a)(3) of the Superior Court Rules of Civil Procedure provides that "an evasive or incomplete answer or response is to be treated as a failure to answer or respond." In such circumstances, Rule 37(b) controls the consequences for failing to comply with a discovery order. Here, the trial justice had available to her a variety of options with which to attempt to remedy plaintiff's failure to comply with defendant's discovery requests; and, after

exhausting those options, she granted defendant's motion to dismiss and entered final judgment, based on Rule 37(b)(2)(C).

"It is well settled that pursuant to Rule 37(b)(2)(C), 'the entry of a final judgment dismissing an action for noncompliance with a discovery order is within the discretion of the motion justice.'" *Goulet v. OfficeMax, Inc.*, 843 A.2d 494, 495–96 (R.I. 2004)(mem.) (quoting *Mumford v. Lewiss*, 681 A.2d 914, 916 (R.I.1996)). This Court will overturn a judgment of dismissal only upon a showing of an abuse of discretion by the trial justice. *Id.* at 496. We repeatedly have affirmed final judgments of dismissal based on a party's continual failure to comply with court-ordered discovery requests, and we do so again in the case before us. *See Mumford*, 681 A.2d at 916; *see also Flanagan v. Blair*, 882 A.2d 569, 574 (R.I.2005); *Roberti v. F. Ronci Co.*, 486 A.2d 1087, 1089 (R.I.1985). We are satisfied that dismissal of this case was proper and reflected an exercise of the trial justice's sound discretion. Even a cursory review of plaintiff s filings in this case reveals that the material was largely incomprehensible.

We also deem plaintiff's eleventh-hour argument that the trial justice should have recused herself in this case to be waived. Because plaintiff failed to present this argument to the trial justice, by way of a motion filed in accordance with the Superior Court Rules of Civil Procedure, the issue was not properly preserved for appellate review. As we have stated numerous times, this Court's " 'raise-or-waive' rule precludes our consideration of an issue that has not been raised and articulated at trial." *Resendes v. Brown*, 966 A.2d 1249, 1254 (R.I.2009) (quoting *State v. Bido*, 941 A.2d 822, 828 (R.I.2008)). The plaintiff's counsel in this case filed a "petition for instructions;" we know of no valid procedural vehicle that is the equivalent of

a "petition for instructions." Therefore, we decline to address this contention.[3]

The record in this case demonstrates that the plaintiff was afforded several opportunities to comply with his court-mandated discovery obligations. The plaintiff's response was deemed inadequate by the trial justice after the plaintiff's painful and fruitless attempts to locate answers in open court. Based on the plaintiff's repeated failure to respond, we are satisfied that the trial justice acted well within her discretion in dismissing the plaintiff's complaint.

For the reasons stated in this order, we affirm the judgment of the Superior Court. The record shall be remanded to the Superior Court.

Justice FLAHERTY did not participate.

---

**3.** The trial justice expressed a willingness to entertain a motion for recusal if one was filed.