April 25, 2022

**Supreme Court**

No. 2021-17-Appeal.
(PB 12-2362)

EdgengG (Private), Ltd., et al.           :

v.                                        :

Fiberglass Fabricators, Inc., et al.      :

NOTICE: This opinion is subject to formal revision before publication in the Rhode Island Reporter. Readers are requested to notify the Opinion Analyst, Supreme Court of Rhode Island, 250 Benefit Street, Providence, Rhode Island 02903, at Telephone (401) 222-3258 or Email opinionanalyst@courts.ri.gov, of any typographical or other formal errors in order that corrections may be made before the opinion is published.

EdgengG (Private), Ltd., et al.      :

v.                   :

Fiberglass Fabricators, Inc., et al.    :

Present:  Suttell, C.J., Goldberg, Robinson, Lynch Prata, and Long, JJ.

## O P I N I O N

**Justice Long, for the Court.**   The plaintiff, EdgengG (Private), Ltd. (EdgengG), appeals from a Superior Court judgment in favor of the defendants, Fiberglass Fabricators, Inc. (Fiberglass Fabricators) and Anthony Capo (collectively defendants), following the entry of judgment in favor of defendants on the complaint filed by EdgengG and plaintiff Don Sidantha Ganegoda (collectively plaintiffs) for the plaintiffs' failure to comply with discovery orders.  On appeal, EdgengG argues that the trial justice abused his discretion when he entered judgment in favor of defendants.[1]

---

[1] Although both EdgengG and Mr. Ganegoda are named plaintiffs, only EdgengG has appealed to this Court.

- 1 -

This appeal came before the Supreme Court pursuant to an order directing the parties to appear and show cause why the issues raised in this appeal should not be summarily decided. After considering the parties' written and oral submissions and reviewing the record, we conclude that cause has not been shown and this case may be decided without further briefing or argument. For the reasons set forth in this opinion, we affirm the judgment of the Superior Court.

## Facts and Procedural History

The parties to this case were involved in the manufacture and sale of fiberglass components used in municipal water systems. Mr. Ganegoda, formerly an engineer and salesperson for Fiberglass Fabricators, founded EdgengG to manufacture finished fiberglass products in Sri Lanka. In 2010, the parties executed a contract providing that Fiberglass Fabricators would sell the finished fiberglass products manufactured by EdgengG.

On May 7, 2012, plaintiffs filed a complaint in Superior Court alleging that defendants had failed to pay upon delivery of goods, and that they conspired to deprive EdgengG and Mr. Ganegoda of profits and sales commission.

Six years passed before either party propounded discovery. The defendants eventually, in October 2018, served plaintiffs with interrogatories and requests for production of documents; plaintiffs did not respond, and defendants successfully sought orders compelling responses to discovery by May 3, 2019.

When plaintiffs failed to comply with the orders, defendants requested conditional orders of dismissal, to which plaintiffs agreed. Consequently, the trial justice conditionally dismissed plaintiffs' claims, ordering that the court would vacate the dismissals if plaintiffs provided discovery responses by June 17, 2019. The conditional orders further provided that dismissal of the claims would not become final until after a hearing on a subsequently filed motion for entry of final judgment.

On June 12, 2019, defendants' counsel received an electronic file containing plaintiffs' response to defendants' request for production; however, defendants' counsel stated that he was unable to access the file. Subsequently, on June 17, plaintiffs' counsel sent defendants' counsel an email stating that plaintiffs' answers to the interrogatories were attached to the message; however, the attachment was missing.

After the June 17, 2019 due date, defendants began receiving EdgengG's discovery responses. Mr. Ganegoda responded to defendants' interrogatories and requests for documents on behalf of EdgengG as its principal, but he did not answer any discovery that had been served upon him personally.

By February 2020, neither plaintiff had provided complete responses to the outstanding discovery. The defendants therefore moved for entry of final judgment

- 3 -

against plaintiffs or, in the alternative, further motions to compel.[2]  At a hearing on March 2, 2020, the trial justice deferred ruling on the motions until March 23, 2020, but admonished plaintiffs to supplement their deficient discovery responses on or before March 16, 2020.  Specifically, the trial justice warned plaintiffs that if they did not adhere to the March 16, 2020 deadline, the complaint would be dismissed at the hearing on March 23, 2020.  Again, plaintiffs failed to provide responses by the due date.

On March 17, 2020, Rhode Island Supreme Court Executive Order No. 2020-04 issued in response to the COVID-19 pandemic.  Executive Order No. 2020-04 continued nonessential matters until after April 17, 2020, and extended filing deadlines for thirty calendar days from the date of the order.

Three days later, on March 20, 2020, plaintiffs filed a motion to extend the March 16, 2020 discovery deadline, citing the COVID-19 pandemic and Executive Order No. 2020-04.  The defendants filed an objection; and the March 23, 2020 hearing on defendants' motion for entry of final judgment was continued.  Nevertheless, plaintiffs did not serve additional discovery responses until April 25, 2020, when they provided duplicative documents in response to the outstanding

---

[2] Pursuant to the court's conditional orders, defendants appropriately moved for entry of final judgment. *See Thompson v. Thompson*, 554 A.2d 1041, 1042-43 (R.I. 1989) (holding that a conditional order is not self-executing if it does not indicate the requisite finality; to ripen such an order to final judgment, a party must move for judgment pursuant to Super. R. Civ. P. 58).

document requests. The plaintiffs subsequently served unsigned supplemental answers to interrogatories, and, on June 4, 2020, the continuance date for the hearing on defendants' motion for entry of final judgment, plaintiffs' counsel emailed additional discovery responses both to defendants' counsel and to the trial justice.

Following the hearing, the trial justice issued a written decision granting defendants' motion for entry of final judgment. The trial justice referenced plaintiffs' continued failure to respond to discovery requests in a timely manner and their failure to comply with Superior Court orders. Furthermore, the trial justice reviewed the untimely discovery responses plaintiffs had sent the morning of the hearing, finding them to be "incomplete [and] evasive" responses that "would be treated as a failure to answer." The trial justice also rejected plaintiffs' argument that Executive Order No. 2020-04 had extended their deadline by thirty days, noting that the executive order had been issued after the discovery deadline had passed. Accordingly, on June 26, 2020, the court entered an order granting defendants' motion for final judgment and denying plaintiffs' motion for relief; judgment in favor of defendants entered on that same date. EdgengG timely appealed the June 26, 2020 order and final judgment.[3]

---

[3] There are additional pending motions in the Superior Court, including plaintiffs' Rule 60 motion to vacate the judgment; however, because those matters have not been appealed, we will not address them.

We consider whether the trial justice erred in granting judgment in favor of defendants based on plaintiffs' failure to comply with orders to provide discovery.

**Rule 37 Dismissal**

We review a justice's decision to impose a sanction pursuant to Rule 37 for noncompliance with a discovery rule or order for abuse of discretion. *E.g.*, *Joachim v. Straight Line Productions, LLC*, 138 A.3d 746, 751 (R.I. 2016). An abuse of discretion occurs when the trial justice dismisses the action "in the absence of evidence demonstrating persistent refusal, defiance or bad faith." *Travelers Insurance Company v. Builders Resource Corporation*, 785 A.2d 568, 569 (R.I. 2001) (mem.).

Rule 37(b)(2)(C) provides, in pertinent part, that: "If a party * * * refuses to obey an order to provide or permit discovery, * * * the court may * * * enter * * * final judgment dismissing the action or proceeding[.]" We have stated that "[t]he decision whether or not to invoke that ultimate sanction is confided to the sound discretion of the [trial] justice." *Flanagan v. Blair*, 882 A.2d 569, 573 (R.I. 2005). Thus, "[d]espite the severity of a final judgment dismissing the action, this [C]ourt will affirm a trial justice's use of this type of drastic sanction in the face of a party's persistent failure to comply with discovery obligations." *Mumford v. Lewiss*, 681 A.2d 914, 916 (R.I. 1996).

The record in this case is unequivocal: EdgengG "persistent[ly] fail[ed] to comply with discovery obligations[,]" *Mumford*, 681 A.2d at 916, pursuant to the Superior Court's orders. The record is replete with evidence of EdgengG's continuous failure to respond to discovery requests in defiance of the Superior Court's orders. For months after defendants first propounded discovery in October 2018, EdgengG ignored Superior Court orders requiring plaintiffs to respond to the discovery—the orders granting defendants' motions to compel responses to interrogatories and requests for production, and the conditional orders of dismissal for failure to respond to interrogatories and requests for production. When EdgengG belatedly began to provide discovery responses in June 2019, the responses were incomplete.

At the March 2, 2020 hearing on defendants' motion for entry of final judgment, the trial justice provided EdgengG yet another extension, until March 16, 2020, warning plaintiffs to supplement discovery by that date or face dismissal. EdgengG again did not provide timely discovery responses; it submitted responses over a month later. Thus, for sixteen months, despite the Superior Court's orders, EdgengG repeatedly delayed responding to outstanding discovery. On June 4, 2020, when EdgengG provided long-overdue discovery responses, the discovery responses were "incomplete [and] evasive" and constituted "a failure to answer" under Rule 37(a)(3) of the Superior Court Rules of Civil Procedure.

Therefore, in light of EdgengG's persistent failure to comply, the trial justice did not abuse his discretion by entering final judgment in favor of defendants and dismissing plaintiffs' complaint. *See Providence Gas Company v. Biltmore Hotel Operating Co.*, 119 R.I. 108, 114, 376 A.2d 334, 337 (1977) (holding there was no abuse of discretion when the motion justice entered judgment in favor of the plaintiff after the defendant's refusal to respond to discovery requests and to comply with orders for approximately seven months); *Flanagan*, 882 A.2d at 573 (perceiving no abuse of discretion when motion justice entered judgment in favor of the defendants after the plaintiff did not respond to discovery requests and did not comply with orders over a period of twelve months).

EdgengG contends that the COVID-19 pandemic provides an excuse for its failure to comply; however, the pandemic and Executive Order No. 2020-04 have no bearing on this matter. All deadlines had expired before the executive order issued on March 17, 2020.

We are also unpersuaded by EdgengG's argument that the trial justice erred in relying in his decision on *Joachim*, *Mumford*, and *Providence Gas Company*, all cited previously. EdgengG argues that the instant case is distinguishable from those cases because EdgengG did not act in bad faith; it complied with the deadlines extended due to the COVID-19 pandemic; and the trial justice did not articulate specifically why plaintiffs' late answers were disqualified. EdgengG's arguments

have no merit. Again, "a party's persistent failure to comply with discovery obligations" is sufficient for this Court to affirm a trial justice's dismissal of its complaint pursuant to Rule 37. *Mumford*, 681 A.2d at 916. The trial justice need not find that EdgengG acted in bad faith to dismiss plaintiffs' complaint and enter judgment in favor of defendants. Executive Order No. 2020-04 did not extend EdgengG's deadlines, and the trial justice was clear in his decision that he entered judgment in favor of defendants because plaintiffs had "repeatedly failed to comply with [the Superior] Court's discovery orders."

EdgengG marshals myriad additional arguments attempting to save its complaint from dismissal, but those arguments are similarly unavailing.

EdgengG raises claims of waiver and laches on appeal. However, because EdgengG did not develop the legal arguments for these claims, we deem them waived. *See Wilkinson v. State Crime Laboratory Commission*, 788 A.2d 1129, 1131 n.1 (R.I. 2002) ("Simply stating an issue for appellate review, without a meaningful discussion thereof or legal briefing of the issues, does not assist the Court in focusing on the legal questions raised, and therefore constitutes a waiver of that issue."). EdgengG's assertion that the trial justice erred by reviewing Mr. Ganegoda's interrogatory answers without counsels' presence is also waived because EdgengG cites no legal authority in support of its argument. *See id.*

EdgengG maintains that it served timely responses to defendants' request for documents on June 12, 2019, and should not be penalized for defendants' counsel's inability to open the electronic file. However, even assuming that EdgengG's response was timely, it was insufficient. EdgengG did not provide a written response until after the June 17 deadline, nor did it provide several categories of documents, which led the trial justice to order plaintiffs to supplement their responses by March 16, 2020. Thus, as we have already determined, this constitutes failure to comply with the discovery order, and therefore the trial justice did not abuse his discretion when he dismissed plaintiffs' complaint and entered judgment in favor of defendants based on that failure.

Further, EdgengG asserts that plaintiffs had substantially responded to defendants' discovery requests, highlighting the trial justice's order to supplement, rather than to provide, discovery responses by March 16, 2020. However, implicit in that order was the trial justice's determination that plaintiffs had not adequately responded to defendants' discovery requests. Moreover, the trial justice reviewed plaintiffs' supplemental discovery responses and found them deficient such that the responses "would be treated as a failure to answer" pursuant to Rule 37(a)(3).

Likewise, despite EdgengG's protests to the contrary, the trial justice did not err when he found that, in defiance of multiple orders requiring plaintiffs to respond to discovery requests, "no such documents or answers have been produced." Again,

the discovery responses provided by plaintiffs were not responsive, and as such the trial justice may treat them as a failure to answer pursuant to Rule 37.

EdgengG also takes issue with a statement the trial justice made during the June 4, 2020 hearing: "We have been here a number of times." EdgengG argues that the parties had only appeared before the trial justice once before, at the March 2, 2020 hearing. The semantics of the trial justice's words in this context are unimportant, particularly because the trial justice made this remark prior to counsels' arguments. It was not a factual finding and has no legal import. Thus, EdgengG's contention is immaterial.

Finally, EdgengG makes arguments concerning Mr. Ganegoda. EdgengG contends that, because Mr. Ganegoda answered interrogatories on behalf of EdgengG, the trial justice should recognize EdgengG's interrogatory answers as Mr. Ganegoda's answers. EdgengG also maintains that the trial justice must distinguish EdgengG and Mr. Ganegoda as separate parties and make independent findings for each before dismissing their complaint. These arguments are without merit. Not only did the trial justice make proper findings for each party, but also, as previously noted, Mr. Ganegoda is not a party to this appeal and thus the question of the substance of his answers to the interrogatories is irrelevant to this appeal. Therefore, we conclude that the trial justice did not abuse his discretion when he dismissed the plaintiffs' complaint and entered judgment in favor of defendants.

**Conclusion**

For the foregoing reasons, we affirm the final judgment of the Superior Court.

We remand the record in this case to the Superior Court.



**STATE OF RHODE ISLAND**

**SUPREME COURT – CLERK'S OFFICE**
Licht Judicial Complex
250 Benefit Street
Providence, RI  02903

**OPINION COVER SHEET**

| | |
|---|---|
| **Title of Case** | EdgengG (Private), Ltd., et al. v. Fiberglass Fabricators, Inc., et al. |
| **Case Number** | No. 2021-0017-Appeal. (PB 12-2362) |
| **Date Opinion Filed** | April 25, 2022 |
| **Justices** | Suttell, C.J., Goldberg, Robinson, Lynch Prata, and Long, JJ. |
| **Written By** | Associate Justice Melissa A. Long |
| **Source of Appeal** | Providence County Superior Court |
| **Judicial Officer from Lower Court** | Associate Justice Brian P. Stern |
| **Attorney(s) on Appeal** | For Plaintiff:<br><br>Michael J. Gardiner,  Esq. |
| | For Defendant:<br><br>Charles S. Beal, Esq. |