April 26, 2022

**Supreme Court**

No. 2021-12-Appeal.
(PC 14-4693)

Cynthia Boss        :

v.        :

Christine Chamberland, in her        :
capacity as Finance Director for the
City of Woonsocket and the
Woonsocket School Department, et
al.

NOTICE: This opinion is subject to formal revision before publication in the Rhode Island Reporter. Readers are requested to notify the Opinion Analyst, Supreme Court of Rhode Island, 250 Benefit Street, Providence, Rhode Island 02903, at Telephone (401) 222-3258 or Email opinionanalyst@courts.ri.gov, of any typographical or other formal errors in order that corrections may be made before the opinion is published.

Cynthia Boss                    :

v.                              :

Christine Chamberland, in her    :
capacity as Finance Director for the
City of Woonsocket and the
Woonsocket School Department, et
al.

Present:  Suttell, C.J., Goldberg, Robinson, Lynch Prata, and Long, JJ.

**O P I N I O N**

**Justice Robinson, for the Court.**  The plaintiff, Cynthia Boss, appeals from

the Providence County Superior Court's February 19, 2021 entry of final judgment

in favor of the defendants, Christine Chamberland, as City of Woonsocket Director

of Finance; Laurie Perry, in her capacity as Treasurer for the City of Woonsocket;[1]

Giovanna M. Donoyan; Richard Ferguson; and Patrick McGee.  That judgment was

entered pursuant to the Superior Court's granting of the defendants' motion for entry

of final judgment because of Ms. Boss's having failed to comply with her discovery

obligations, which had earlier been the subject of a conditional order of dismissal.

---

[1]    Consistent with Rule 25(d) of the Superior Court Rules of Civil Procedure,
City Treasurer Laurie Perry has been substituted in her current role as treasurer.

- 1 -

This case came before the Supreme Court pursuant to an order directing the parties to show cause as to why the issues raised in this appeal should not be summarily decided. After carefully considering the parties' arguments (both written and oral) and after reviewing the record, we have concluded that cause has not been shown and that the appeal may be resolved without further briefing or argument. For the reasons set forth in this opinion, we affirm the judgment of the Superior Court.

## I

## Facts and Travel

On September 24, 2014, Ms. Boss filed a complaint in the Superior Court, alleging that, in violation of the Rhode Island Whistleblowers' Protection Act (G.L. 1956 chapter 50 of title 28), defendants had discriminated against her in retaliation for her whistleblowing activities and that she was entitled to relief under that Act. The complaint also contained a separate count alleging that the retaliatory efforts of certain defendants constituted the intentional infliction of emotional distress.

On May 21, 2015, defendants propounded a set of interrogatories and served a request for the production of documents upon Ms. Boss, responses to which were initially due on June 30, 2015; that deadline was subsequently extended by stipulations to May 6, 2016.

Prior to that May 6, 2016 deadline, Ms. Boss's attorney had, on January 25, 2016, filed a motion to withdraw from representation of Ms. Boss, indicating in a

later filing that their professional relationship had "broken down" and that Ms. Boss had "become hostile * * *." An order granting that motion was entered in May of 2016; and Ms. Boss has thereafter appeared *pro se* in both the Superior Court and this Court. As part of the order granting that motion, the deadline for Ms. Boss to respond to the discovery requests was extended to June 24, 2016. When Ms. Boss failed to meet that new deadline, defendants filed a motion to compel on October 5, 2016, which motion was passed by agreement of the parties. After Ms. Boss continued to fail to comply with her discovery obligations, defendants filed another motion to compel three years later, on November 27, 2019.[2] No objection to said motion having been lodged, the motion was granted by rule of court on December 12, 2019, and Ms. Boss was ordered to comply with her discovery obligations by January 26, 2020.

In the face of Ms. Boss's failure to meet that January 26, 2020 deadline, defendants filed a "Motion for Conditional Order of Dismissal," which motion was granted at a hearing held on March 12, 2020. Pursuant to that conditional order of dismissal, Ms. Boss was required to respond to defendants' discovery requests by April 11, 2020. When she failed to meet that deadline, defendants filed a motion for entry of final judgment on October 14, 2020. Prior to the hearing on that motion,

---

[2] Prior to filing each of their motions to compel, defendants sent Ms. Boss what they characterize as a "good faith letter," in which they urged her to comply with her discovery obligations.

Ms. Boss filed an "Opposition to Defendants Motion to Dismiss," contending that defendants' discovery requests were "overly broad, excessive, unduly burdensome, and * * * expensive." She also filed a "Motion for Entry of Summary Judgment," contending that she was entitled to reinstatement and damages.

A hearing on the motion for entry of final judgment was held on November 5, 2020.[3] In support of their motion, defendants pointed out that Ms. Boss had, over a five-year period, repeatedly failed to comply with her discovery obligations. The hearing justice noted that Ms. Boss had filed an "Opposition to Defendants Motion to Dismiss," but she indicated that "[t]he time and place to object to the scope of [the] requests has come and gone." Ms. Boss then requested that she be allowed to read into the record her two recent filings. The hearing justice denied this request, but nonetheless permitted Ms. Boss to speak about the claims set forth in her complaint. After some time, however, because Ms. Boss's substantive claims were not the subject of the motion for entry of final judgment, the hearing justice directed Ms. Boss to limit her remarks to that motion. Ms. Boss argued that the defendants' discovery requests were "not possible to fulfill" in view of the voluminous nature of the documents requested.

---

[3] At that hearing, Ms. Boss stated that she had not received proper notice of the March 12, 2020 hearing on defendants' "Motion for Conditional Order of Dismissal." However, it is clear from the record that notice of that hearing was provided to Ms. Boss.

In her decision rendered on November 5, 2020, the hearing justice found that, although Ms. Boss had received notice of the conditional order of dismissal, she had failed to respond to defendants' discovery requests; and she noted that six months had passed since the conditional order of dismissal had entered. Accordingly, the hearing justice granted defendants' motion for entry of final judgment. Ms. Boss's premature appeal is deemed to have been timely.

## II

## Standard of Review

Rule 37(b)(2) of the Superior Court Rules of Civil Procedure "provides the court with a variety of sanctions that may be imposed on a party who has failed to comply with an order to provide discovery," one of which sanctions "is an order directing the entry of final judgment." *Flanagan v. Blair*, 882 A.2d 569, 572-73 (R.I. 2005). Moreover, the decision as to whether or not to impose that sanction is confided to the discretion of the hearing justice. *See Mumford v. Lewiss*, 681 A.2d 914, 916 (R.I. 1996).

## III

## Analysis

Although not articulated by Ms. Boss in so many words, the crux of her argument on appeal is that the hearing justice erred in granting defendants' motion

for entry of final judgment.[4]  She contends that the hearing justice erred in not allowing her to "discuss or present either of her two motions," which she claims were "crucial" for the hearing justice to hear so that she could "render a fair decision."[5]  Ms. Boss also avers that the hearing justice committed reversible error when she allegedly "exhibited extreme bias when she chose to only allow the [defendants] to discuss [their] motion * * *."  These contentions are meritless.

It is obvious to us, as it was to the hearing justice, that Ms. Boss failed to comply with the terms of the conditional order of dismissal, which required her to comply with her discovery obligations by April 11, 2020.  It is clear from our review of the record that the hearing justice acted well within her discretion in ordering the entry of final judgment.  *See Flanagan*, 882 A.2d at 573.  Moreover, we perceive

---

[4]     Ms. Boss raises other arguments on appeal which were not raised below—namely: (1) that the hearing justice "violated the [Rhode Island] Judicial Code of Conduct" and "the Audi Alteram Partum rule;" and (2) that the hearing justice deprived her of her "due process rights and her right to a fair and impartial judicial hearing."  However, those arguments are not properly before us on appeal.  *See, e.g.*, *DeMarco v. Travelers Insurance Co.*, 26 A.3d 585, 628 (R.I. 2011).

[5]     The only motion scheduled to be heard at the November 5, 2020 hearing was defendants' motion for entry of final judgment.  While neither Ms. Boss's "Motion for Entry of Summary Judgment" nor her "Opposition to Defendants Motion to Dismiss" was scheduled to be heard on that day, the hearing justice nonetheless permitted Ms. Boss to speak briefly about her substantive allegations; in doing so, the hearing justice went above and beyond what she was required to do.  We perceive absolutely no error on the part of the hearing justice with respect to the manner in which the November 5, 2020 hearing was conducted.

not the slightest indication of bias on the part of the hearing justice, whose patience we commend.

## IV

## Conclusion

For the reasons set forth in this opinion, we affirm the judgment of the Superior Court. The record may be returned to that tribunal.



## STATE OF RHODE ISLAND

## SUPREME COURT – CLERK'S OFFICE
Licht Judicial Complex
250 Benefit Street
Providence, RI  02903

## OPINION COVER SHEET

| | |
|---|---|
| **Title of Case** | Cynthia Boss v. Christine Chamberland, in her capacity as Finance Director for the City of Woonsocket and the Woonsocket School Department, et al. |
| **Case Number** | No. 2021-12-Appeal. (PC 14-4693) |
| **Date Opinion Filed** | April 26, 2022 |
| **Justices** | Suttell, C.J., Goldberg, Robinson, Lynch Prata, and Long, JJ. |
| **Written By** | Associate Justice William P. Robinson III |
| **Source of Appeal** | Providence County Superior Court |
| **Judicial Officer from Lower Court** | Associate Justice Maureen B. Keough |
| **Attorney(s) on Appeal** | For Plaintiff:<br><br>Cynthia Boss, *Pro Se* |
| | For Defendants:<br><br>Patrick K. Burns, Esq.<br>Marc DeSisto, Esq.<br>Caroline Murphy, Esq. |