December 9, 2022

John Devaney              :

v.                :

St. Thomas More Catholic Church et   :
al.

NOTICE:    This opinion is subject to formal revision before publication in the Rhode Island Reporter.  Readers are requested to notify the Opinion Analyst, Supreme Court of Rhode Island, 250 Benefit Street, Providence, Rhode Island 02903, at Telephone (401) 222-3258 or Email:    opinionanalyst@courts.ri.gov,    of    any typographical   or   other   formal   errors   in   order   that corrections may be made before the opinion is published.

John Devaney          :

v.          :

St. Thomas More Catholic Church et     :
        al.

Present:  Suttell, C.J., Goldberg, Robinson, Lynch Prata, and Long, JJ.

## O P I N I O N

**Justice Goldberg, for the Court.**  This case came before the Supreme Court on October 27, 2022, pursuant to an order directing the parties to appear and show cause why the issues raised in this appeal should not be summarily decided.  The *pro se* plaintiff, John Devaney (plaintiff), appeals from a Superior Court judgment in favor of the defendants, St. Thomas More Catholic Church (St. Thomas More), St. Peter's By-the-Sea Episcopal Church (St. Peter's), and the Roman Catholic Bishop of Providence (defendants), following the dismissal of the matter in accordance with Rule 37 of the Superior Court Rules of Civil Procedure.  After considering the parties' written and oral submissions and reviewing the record, we are satisfied that cause has not been shown and that this case may be decided without further briefing

- 1 -

or argument. For the reasons stated herein, we affirm the judgment of the Superior Court.

**Facts and Travel**

Litigation regarding the underlying issues in this case commenced almost ten years ago; taking a toll on all parties involved. *See Devaney v. Kilmartin*, 88 F. Supp. 3d 34, 43 (D.R.I. 2015). In July 1995 plaintiff purchased his home at 56 Rockland Street in the Narragansett Pier neighborhood of Narragansett (the town). St. Thomas More is located at 53 Rockland Street, while St. Peter's is located at 72 Central Street. Both churches are located in the town's Pier neighborhood.

Beginning in 1999, St. Peter's began to operate an electronically generated and amplified bell-ringing system that had recently been donated to the parish. The plaintiff began to hear an electronically amplified bell-ringing system from the bell tower of St. Thomas More sometime thereafter. He contends that the excessive noise emanating from defendants' bell towers is a serious hazard to his health and welfare and unnecessarily degrades his quality of life. He further alleges that the ringing of the bells has resulted in a diminution of the value of his property, impeded its free use, and led to the breakup of his family, causing him to suffer mental anguish. The plaintiff first attempted to litigate this matter in 2013, when he filed suit against defendants in the United States District Court for the District of Rhode Island. *See*

*Devaney*, 88 F. Supp. 3d at 43. The federal court dismissed that suit in 2015 and declined to exercise jurisdiction over plaintiff's claims under state law. *Id*. at 38, 59.

On February 7, 2017, plaintiff filed the case at bar in Washington County Superior Court, seeking to enjoin defendants from operating their respective bell systems, alleging a claim of nuisance, and seeking more than $3 million in damages.[1] The crux of the issue on appeal concerns plaintiff's answers to interrogatories, specifically his response to interrogatory number six, which required him to identify any expert witnesses he expected to call at trial, as well as the substance of the facts and opinions that each expert was expected to provide.

The plaintiff was first served a set of interrogatories, including the expert-witness inquiry, on June 7, 2017. The plaintiff responded on August 12, 2017, objecting to most of the questions, including the expert-witness interrogatory, stating that the information requested had not been fully developed at that time. Thirteen months later, on September 25, 2018, the trial court granted a motion to compel more responsive answers to the interrogatory. The plaintiff responded on December 12, 2018, and provided a list of twelve people identified as proposed experts and three additional non-specified experts to testify as to various elements of his claims.[2]

---

[1] The plaintiff's complaint also included a claim seeking a declaratory judgment that the exemption from the Town of Narragansett noise ordinance for places of worship "be deemed ineffective."

[2] The plaintiff's December 12, 2018 list of experts included eleven named individuals and "Narragansett Fire Department Rescue Squad Personnel."

In an order dated February 1, 2019, the trial court denied plaintiff's request for the court to appoint expert witnesses and ordered plaintiff to disclose by April 5, 2019, all experts he expected to testify at trial, the subject matter of the expected testimony, and the substance of the expected facts and opinions, together with a summary of the grounds for each opinion. The plaintiff responded on April 5, 2019, identifying three additional individuals he expected to call as experts, including Bertram Gibbes, Ph.D. (Dr. Gibbes), who was to attest to the effect on plaintiff's well-being resulting from the noise generated by the ringing bells.

On August 23, 2019, the trial court entered a conditional order of dismissal, in accordance with Rule 37, ordering plaintiff to provide full and complete interrogatory answers for his experts Edward A. Caswell, Jr. (Caswell) and Dr. Gibbes by September 25, 2019. The order further stated that if plaintiff failed to comply by that date, the conditional order of dismissal would become final only upon further motion and hearing. On September 24, 2019, plaintiff submitted his final supplemental interrogatory response. In his answer, plaintiff removed Caswell from his witness list, and he then proceeded to identify Dr. Gibbes as his only expert witness and set forth the subject matter, substance, and grounds for Dr. Gibbes's testimony.

At a hearing on November 20, 2019, plaintiff informed the trial court that Dr. Gibbes would be his only expert witness testifying at trial. Counsel for defendant

St. Thomas More asserted that plaintiff's interrogatory responses were deficient. The role that Dr. Gibbes played in drafting the response also was questioned, as counsel believed there were statements in the supplemental response that no expert would proffer. Counsel for St. Thomas More suggested that he be allowed to subpoena Dr. Gibbes's records and to take his deposition.

During a status conference, counsel for St. Peter's indicated that she had received some of the records requested from Dr. Gibbes by way of subpoena, but that she intended to depose Dr. Gibbes, while continuing her deposition of plaintiff.

Soon thereafter, defendants filed a joint motion seeking to preclude plaintiff's expert witnesses and requesting a dismissal pursuant to Rule 37. The defendants asserted that plaintiff had failed, once again, to provide timely and sufficient answers to defendants' expert interrogatory. Highlighting plaintiff's deposition testimony, defendants argued that plaintiff did not comply "with the spirit or substance" of the court's discovery orders.

During his deposition, plaintiff admitted that Dr. Gibbes did not read the responses before they were served on defendants. He further stated that he did not know if the answers contained in the supplemental expert interrogatory response were a complete and accurate opinion of the purported witness. The plaintiff testified that the draft report prepared by Dr. Gibbes contained opinions that were

not included in the interrogatory answer. The plaintiff further added that he had included "things that [he] [saw] on [his] own" in the supplemental response.

Due to the Covid-19 pandemic, a hearing on the motion to dismiss was not held until September 23, 2020. The defendants reiterated their contention that plaintiff had failed to comply with discovery orders, repeatedly highlighting the fact that the court had issued four orders to compel disclosure of expert witnesses. The defendants asserted that they did not know whether the expert interrogatory answer was complete, or rang true, because Dr. Gibbes never reviewed or adopted the response. The defendants argued that the case should be dismissed as a result of plaintiff's actions.

The plaintiff stated that his answer to the expert interrogatory question was complete. He also argued that he complied with the trial court's orders because he responded to the interrogatory with the responses that he "expected" his expert to give and that there was no guarantee that Dr. Gibbes would testify to what plaintiff anticipated in the response. The trial justice reserved decision.

The trial justice subsequently issued a written decision granting defendants' motion to dismiss pursuant to Rule 37(b). The trial justice held that because plaintiff admitted to supplementing the expert interrogatory answers with matters that he had personally observed, while also admitting that he did not know if the answers he provided were a complete and accurate opinion of Dr. Gibbes's expected testimony,

dismissal was warranted. The trial justice concluded that Rule 26(b)(4)(A) of the Superior Court Rules of Civil Procedure did not permit plaintiff to speculate on the expected testimony of an expected witness because it would impede defendants' trial preparations. The trial justice found that plaintiff was aware that he was to comply with the expert discovery disclosure orders and was given numerous warnings but continued to resist despite these opportunities. Accordingly, the trial justice dismissed plaintiff's complaint due to his continued failure to comply with Rule 26.

Yet another hearing was held on October 28, 2020, in order for plaintiff to contest the dismissal. The trial justice overruled plaintiff's objection and entered an order consistent with his written decision. Final judgment was entered on October 28, 2020, and plaintiff timely appealed.

On appeal, plaintiff assigns a series of errors to the trial justice's decision. He contends that the trial justice failed to accord meaning and effect to the words "expect" and "expected" under Rule 26; that the trial justice failed to analyze his interrogatory answers; and that the subpoenaed material from his expert witness should have been considered part of his response. He also contends that defendants' Rule 37 dismissal motion was lacking in necessary form and substance and that the trial justice failed to evaluate for himself plaintiff's "Supplemental Interrogatory Response."

**Standard of Review**

This Court reviews a trial "justice's decision to impose a sanction pursuant to Rule 37 for noncompliance with a discovery rule or order for abuse of discretion." *EdgengG (Private), Ltd. v. Fiberglass Fabricators, Inc.*, 272 A.3d 596, 600 (R.I. 2022). "We will find an abuse of discretion only when a motion justice has dismissed an action in the absence of evidence demonstrating persistent refusal, defiance or bad faith." *Joachim v. Straight Line Productions, LLC*, 138 A.3d 746, 751 (R.I. 2016) (emphasis omitted) (quoting *Flanagan v. Blair*, 882 A.2d 569, 573 (R.I. 2005)).

**Analysis**

Rule 37(b)(2) permits a justice of the Superior Court to impose a variety of sanctions "on a party who has failed to comply with an order to provide discovery * * * [including] an order directing the entry of final judgment." *Flanagan*, 882 A.2d at 572-73 (footnote omitted). The decision to impose sanctions, including entry of final judgment, is left to "the sound discretion of the motion justice." *Id.* We will "reverse a trial justice's decision to impose sanctions for Rule 37 violations only when we find that he or she has abused his or her discretion." *Zaino v. Zaino*, 818 A.2d 630, 640 (R.I. 2003) (quoting *Lembo v. Lembo,* 677 A.2d 414, 419 (R.I. 1996)). Our careful review of the record in the case satisfies this Court that the trial justice did not abuse his discretion in dismissing the case at bar due to plaintiff's

noncompliance with multiple discovery orders, specifically regarding his responses to the expert-witness interrogatory.

"To be deemed to have failed to serve a written response, a party need not fail to respond entirely; instead, 'an evasive or incomplete answer or response is to be treated as a failure to answer or respond.'" *Joachim*, 138 A.3d at 753 (quoting *Aguayo v. D'Amico*, 981 A.2d 1016, 1017 (R.I. 2009)). In the case at bar, plaintiff repeatedly failed to provide a full and complete answer to the expert-witness interrogatory. These answers included an objection to the interrogatory, a list of proposed experts without confirmation that they all had agreed to testify, and scant information as to their opinions.

After plaintiff submitted his final supplemental interrogatory response, he acknowledged that the answers ascribed to the only remaining expert witness were crafted without the expert's approval or review. Further, plaintiff was unable to state whether the response represented a clear and accurate disclosure of the expert's expected opinion. The evasive actions by plaintiff regarding the expert-witness interrogatory and subsequent answer attributed to his expert without the expert's input supports the trial justice's decision.[3]

---

[3] We pause to note that, if plaintiff was a licensed attorney, sanctions would be in order. *See Lisi v. Resmini*, 603 A.2d 321, 322, 324 (R.I. 1992) (attorney suspended from practicing law for submitting answers to supplemental interrogatories and signing client's name without client's review).

Thus, "[d]espite the severity of a final judgment dismissing the action, this [C]ourt will affirm a trial justice's use of this type of drastic sanction in the face of a party's persistent failure to comply with discovery obligations." *Mumford v. Lewiss*, 681 A.2d 914, 916 (R.I. 1996). We are of the opinion that this failure to provide a complete discovery response after repeated orders and admonitions by the trial court warranted dismissal in accordance with Rule 37.[4]

Finally, the plaintiff presents a series of contentions that dismissal in accordance with Rule 37 was improper. However, because none of these arguments have been substantially developed, we decline to address them.

**Conclusion**

For the reasons set forth in this opinion, we affirm the judgment of the Superior Court. The papers in this case may be remanded to the Superior Court.

---

[4] In a dignified appearance before this Court at oral argument, plaintiff raised his status as a *pro se* litigant as justification for his deficiencies. The unfailing patience of two Superior Court justices satisfies us that his *pro se* status was generously accommodated.



# STATE OF RHODE ISLAND

## SUPREME COURT – CLERK'S OFFICE
Licht Judicial Complex
250 Benefit Street
Providence, RI 02903

## OPINION COVER SHEET

| | |
|---|---|
| **Title of Case** | John Devaney v. St. Thomas More Catholic Church et al. |
| **Case Number** | No. 2021-167-Appeal.<br>(WC 17-54) |
| **Date Opinion Filed** | December 9, 2022 |
| **Justices** | Suttell, C.J., Goldberg, Robinson, Lynch Prata, and Long, JJ. |
| **Written By** | Associate Justice Maureen McKenna Goldberg |
| **Source of Appeal** | Newport County Superior Court |
| **Judicial Officer from Lower Court** | Associate Justice William E. Carnes, Jr. |
| **Attorney(s) on Appeal** | For Plaintiff:<br><br>John Devaney, *Pro Se*<br>For Defendants:<br><br>Amanda Prosek, Esq.<br>Robert K. Taylor, Esq. |

SU-CMS-02A (revised November 2022)